## COMMONWEALTH *vs.* EDWARD J. COSTELLO.
## SAME *vs.* EVAN JONES.

Norfolk.    March 28. — June 27, 1882.    ENDICOTT & FIELD, JJ., absent.

The St. of 1880, c. 239, § 2, as amended by the St. of 1881, c. 225, providing that
no person licensed to sell spirituous and intoxicating liquors shall maintain or
permit to be maintained, upon premises used by him under his license, screens
or blinds, which shall interfere with a view of the business conducted upon
the premises, creates a substantive offence; and it is not necessary to allege
in a complaint under said statutes that the defendant has violated the condi-
tions of his license, or that he has sold spirituous and intoxicating liquors in
violation of law.

At the trial of a complaint under the St. of 1880, c. 239, § 2, as amended by the
St. of 1881, c. 225, alleging the unlawful placing and maintaining of blinds, on
a certain day, on premises used by the defendant for the sale of spirituous and
intoxicating liquors under a license, there was evidence of the sale of liquor
in the licensed room three days before the day named in the complaint, and
that, on the evening of the day named in the complaint, the rooms were lighted
and voices were heard in the building, which the witness believed came from the
bar-room. The judge refused to instruct the jury that there was no evidence that
the defendant was carrying on business on the premises described in the com-
plaint, but left the question to the jury under instructions not objected to; and,
at the request of the defendant, further instructed the jury that the government
must prove beyond a reasonable doubt that the business of selling spirituous
and intoxicating liquors was being carried on at the time set forth in the com-
plaint; and that this was not to be presumed from the fact that the defendant
had a license to sell such liquors. *Held*, that the defendant had no ground of
exception.

A complaint, under the St. of 1880, c. 239, § 2, as amended by the St. of 1881,
c. 225, alleged that the defendant was licensed to sell spirituous and intoxicating
liquors in a certain room in a certain building, which said room was used by
him for the sale of such liquors under his license; and that he unlawfully main-
tained "upon said premises used by him as aforesaid" certain blinds. The evi-
dence was that the blinds were on the outside of the windows of the room.
*Held*, that there was no variance.

On a complaint, under the St. of 1880, c. 239, § 2, as amended by the St. of 1881,
c. 225, for maintaining blinds on premises licensed for the sale of spirituous and
intoxicating liquors, the jury are authorized to find that blinds on the outside
of a room, so placed that a person can look into the room only by stooping
down and peering through the slats of the blinds, do interfere with a view of
the business carried on in the room.

THE FIRST CASE was a complaint to the District Court of
East Norfolk, alleging that the defendant, on May 19, 1881, at·
Quincy, being then and there licensed according to law to sell
spirituous and intoxicating liquors, in two certain rooms, to wit,
one rear room on the ground floor, and one room on the second

floor directly above said first-mentioned room, in a certain building, which said rooms were then and there used by the defendant for the sale of spirituous and intoxicating liquors, under the provisions of his said license, "unlawfully did place and maintain, and authorize and permit to be placed and maintained, upon said premises used by him as aforesaid, certain blinds, and ground glass in the door, and curtains and partitions, so that said blinds, ground glass in the door, curtains and partitions, then and there interfered with a view of said business, conducted upon his said premises under the license aforesaid by him," &c.

In the District Court, the defendant, before trial, moved to quash the complaint, assigning the following reasons therefor:

"1. Because said complaint sets out no offence under the laws of this Commonwealth in apt and proper words. 2. Because in said complaint it is averred and set out that said defendant has been and is duly licensed to sell spirituous and intoxicating liquors, in, on and upon the premises described in said complaint; and there is in said complaint no averment that he has in any way violated the terms and conditions of his said license. 3. Because it is nowhere averred in said complaint that said defendant has sold, or offered for sale, any spirituous or intoxicating liquors in violation of any law of this Commonwealth. 4. Because said complaint is inconsistent, contradictory and uncertain, in that it is averred, set forth and alleged in said complaint that the said defendant used the premises therein described 'for the sale of spirituous and intoxicating liquors under the provisions of his said license,' and thereafter sets out certain acts, which, if they are unlawful, are unlawful only because they are inconsistent with, and in violation of the provisions of, the license. 5. Because no crime or offence against the laws of the Commonwealth is described, set forth or contained in said complaint."

This motion was overruled; the defendant was tried, and found guilty; and appealed to the Superior Court.

In that court, the defendant, before the jury were empanelled, renewed his motion to quash, and the motion was overruled by *Gardner*, J. The defendant was then tried and found guilty; and a bill of exceptions was allowed, which, after stating the facts above set forth, proceeded, in substance, as follows:

A witness for the government testified that the lower back room had a bar and beer-pump; that he was there on May 16, 1881; that the defendant and his bar-tender were in this room; that persons were in there drinking, calling for lager beer; that on the day set forth in the complaint he visited the defendant's place of business in Quincy; that it was a rear room on the ground floor; that there was a door leading into it from a private yard, and the panels of the door were of ground glass, through which no one could see; that there were two windows opening into the room, one on the side and the other on the rear; that there were on the outside of the building, attached to the window frames, slat blinds that were closed so that he could not see in; that he stood at a distance of six to ten feet away from the windows, and could not see into the room; that when he went there it was in the evening, and he saw that the room was lighted; that he heard people in the bar-room, but did not see any one in the room, nor any one going in or coming out; that the room was connected by doors with another front room; and that he heard voices of persons in the building, which he believed to be in the bar-room described in the complaint. It was admitted that the defendant held a first-class license, authorizing him to sell spirituous and intoxicating liquors on the premises described in the complaint, but that he used only the lower room. On this testimony, the defendant asked the judge to instruct the jury to render a verdict for the defendant. The judge declined so to rule; and the defendant excepted.

The defendant introduced evidence tending to show that the blinds were old-fashioned slat blinds, with a wide space between the slats, so that any one standing within two or three feet of the windows could readily look between the slats and see the persons in the room, and all that was being done in there. Some of defendant's witnesses testified that they stooped in order to get a view of the room. At the conclusion of the testimony, the defendant asked the judge to rule that, upon the whole evidence in the case, the government had not sustained the averment in the complaint; and that the defendant was entitled to a verdict. The judge declined so to rule.

The defendant then asked the judge to instruct the jury as follows: "1. There is no evidence that the defendant was carrying

on business on the premises described in the complaint. 2. There is a variance between the complaint and the evidence, in that the blinds were not in the room described in the complaint and the license, but were on the outside of the building. 3. If one, by approaching nearly to the defendant's windows, could see what was going on in the licensed premises, notwithstanding the blinds were closed, then the closing of the blinds would not, as matter of law, interfere with a view of the business carried on upon the premises licensed. 4. The government must prove beyond a reasonable doubt that the business of selling intoxicating and spirituous liquors was being carried on at the time, to wit, the evening of May 19th, set out in the complaint, and stated by the government witnesses, and this is not to be presumed from the fact that the defendant had received a license to sell spirituous and intoxicating liquors. 5. In order to convict the defendant, the government must prove that the closing of the blinds prevented a view; that is, prevented one by reasonably approaching the windows from seeing the business carried on in the licensed room."

The judge declined to give the first instruction requested, but left the question to the jury under instructions not objected to; refused to give the second; declined to give the third, but left it to the jury to determine whether the blinds interfered with a view of the business conducted upon the premises; gave the fourth, and added, "the jury must be satisfied that the defendant was carrying on the business described in the complaint, that is, using the premises for the sale of intoxicating liquors," to which no objection was made by the defendant; and also gave the fifth, and added, "but if this could only be done by stooping down and peering through the slats of the blinds, the jury would be warranted in finding that the blinds did interfere with a view of the premises;" and the defendant excepted.

THE SECOND CASE was a complaint to the District Court of East Norfolk, alleging that the defendant, on June 25, 1881, at Quincy, being licensed to sell spirituous and intoxicating liquors in certain rooms of a building described, which rooms were used by him for the sale of such liquors under the provisions of his license, "unlawfully did place and maintain, and authorize and

permit to be placed and maintained, upon said premises used by him as aforesaid, certain shutters, so that said shutters then and there interfered with a view of said business, conducted then and there upon the said premises used by him as aforesaid, under the license aforesaid," &c.

In the District Court, the defendant moved to quash the complaint, assigning the same reasons as those set forth in the first case. This motion was overruled; the defendant was tried and found guilty; and appealed to the Superior Court.

In that court, the defendant, before the jury were empanelled, renewed his motion to quash, which was overruled by *Gardner*, J. The defendant was then tried, and found guilty, and a bill of exceptions was allowed, which, after stating the facts above set forth, proceeded, in substance, as follows:

It was admitted that the defendant had received a first-class license to sell spirituous and intoxicating liquors on the premises described in the complaint.

The government called two witnesses, one of whom testified that he had been in the defendant's bar-room in the forenoon of May 25, 1881; that there was a bar there, and that persons were drinking lager beer. These witnesses testified that on the evening of the day named in the complaint, it being on Saturday, between ten and eleven o'clock, they drove by the defendant's place, both of them being in the same vehicle, twice or three times, the first time twenty minutes before the second time; that the windows opening from the licensed room were closed by wooden shutters nearly close, having only slight cracks between the boards, caused apparently by the shrinking, but that they could not see into the room; that there were windows in the top of the door, but so high up that persons could not see into the room through them; that they saw light in the room, and some persons on the street near the building and coming out of the door; and, at one time, they saw a man coming out of the door; that the shutters were put on the outside of the building, and were so tight as to prevent them from seeing through into the interior of the room. This was the only testimony introduced by the government.

At the conclusion of this testimony, the defendant asked the judge to instruct the jury that there was no evidence to convict

the defendant under this complaint. The judge declined so to rule; and the defendant excepted.

The defendant introduced evidence tending to prove that, on the Saturday night named in the complaint, the shutters were put up at the close of the business for the day; that the defendant went out of the door for the purpose of putting up the shutters some time between ten and eleven o'clock; and that, after they were put up, no business of any kind was done, and no person allowed to be in the place until the following Monday. The defendant was called as a witness, and, on cross-examination, testified that, on the day and evening of the day named in the complaint, he was occupying this place for selling spirituous and intoxicating liquors; that he kept open as late as ten to eleven or half-past eleven o'clock at night; and that Saturday was his best night.

The defendant, at the conclusion of the whole evidence, renewed his request for a ruling, that the government had failed to introduce any evidence that, at the time testified to by the government witnesses, the defendant was doing any business on the licensed premises; and that the jury should render a verdict of not guilty.

The judge declined so to rule as a matter of law, but submitted it to the jury under instructions not objected to; and the defendant excepted.

The defendant asked the judge to rule that there was no evidence that the defendant was carrying on business on the premises described in the complaint, and as therein set out; and that there was a variance between the complaint and the evidence, in that the shutters were not in the room described in the complaint and the license, but were on the outside of the building. The judge declined so to rule; and the defendant excepted.

The two cases were argued together.

*E. Avery*, for the defendants.

*G. Marston*, Attorney General, (*C. H. Barrows*, Assistant Attorney General, with him,) for the Commonwealth.

W. ALLEN, J. 1. The St. of 1880, *c.* 239, § 2, as amended by the St. of 1881, *c.* 225, provides that "No such licensed person shall place or maintain, or authorize or permit to be placed or maintained, upon any premises used by him for the sale of

spirituous or intoxicating liquors under the provisions of his license, any screen, blind, shutter, curtain, partition, or painted, ground, or stained glass window, or any other obstruction, which shall interfere with a view of the business conducted upon the premises," and § 6 of c. 239 of the St. of 1880 prescribes the penalty for any violation of the provisions of the act. The statute does not make the license subject to the condition that the person licensed shall not do the prohibited acts, but provides that any licensed person doing the acts shall be subject to the penalty. It creates a new offence, which is sufficiently set forth in each of the complaints.

2. Each of the cases was properly left to the jury, upon sufficient evidence, and under instructions sufficiently favorable to the defendant.                    *Exceptions overruled.*