GEORGE F. ROBISON, PROSECUTING ATTORNEY, v. EDMUND HAUG, POLICE JUSTICE.

*Constitutional law—Liquor law of 1887—Removal of screens, etc.*

1. Section 31 of Act No. 313, Laws of 1887, requiring the removal of screens, etc., during the time when by the provisions of the act places where liquor is sold are required to be closed, is not in conflict with section 26, Art. 6, of the Constitution of Michigan, securing "the persons, houses, papers, and possessions of every person from unreasonable searches and seizures," nor with the fourteenth amendment to the Constitution of the United States, declaring that "No person shall be deprived of life, liberty, or property without due process of law."

2. The following propositions are summarized from the opinion of Mr. Justice LONG: .

   *a*—The business of selling intoxicating liquors is one which the Legislature have an undoubted right to regulate or prohibit, and may therefore impose such conditions and restrictions upon the sale as in their judgment may seem wise, where such restrictions are applied to all alike or to the same class alike.

   *b*—The business of selling intoxicating liquors has for many years—both in this country and in England, been regarded by legislatures and courts with disfavor; and it does not stand upon the same plane of utility and morality with many useful arts, trades, and professions.

*Mandamus.* Submitted May 15, 1888. Granted June 22, 1888.

Relator applies for *mandamus* to compel respondent to entertain a complaint for a violation of section 31 of the liquor law of 1887. The facts are stated in the opinion.

*George F. Robison,* in *pro. per.,* for relator.

*F. A. Baker,* for respondent.

LONG, J. Petition for *mandamus.*

The petitioner is prosecuting attorney of Wayne county, and represents in his petition that among other provisions of Act No. 313, Laws of 1887, commonly known as the "Liquor Law," is that contained in section 31, as follows:

"During the time when by the provisions of this act places where liquor is sold or kept for sale must be closed, all curtains, screens, partitions, and other things that obstruct the view from the sidewalk, street, alley, or road in front of or at the side or end of said building, of the bar or place in said room where said liquors are sold or kept for sale, shall be removed."

That on April 9, 1888, petitioner, as required by said act, presented to Edmund Haug, one of the police justices of the city of Detroit, James Johnson, who was then and there ready to make oath to a complaint against one James Fleurimont, charging—

"That on the 8th day of April, 1888, that being the first day of the week, commonly called 'Sunday,' at the city of Detroit, county aforesaid, James Fleurimont was proprietor of and kept a saloon where intoxicating liquors were sold at retail in a room at No. 12 Catherine street in said city; that on said last-named day, that being a day when by the provisions of Act No. 313, Laws of 1887, said saloon was required to be closed, the curtains, screens, partitions, and other things that obstructed the view from the sidewalk and street, in front of the building in which

said saloon was, of the bar and place in said room where said liquors were sold and kept for sale, were not removed, but, on the contrary thereof, said James Fleurimont did then and there, as aforesaid, obstruct the view from said sidewalk and street in front of the building in which said saloon and room were, by not removing said curtains, screens, partitions, and other things that then and there obstructed the view so as aforesaid."

That thereupon said police justice stated to said petitioner that question had been raised as to the validity of that section of said act, and, for the purpose of having the Supreme Court pass upon its validity, he would decline to take that complaint or any complaint charging a person with violating that section of said law, and that said police justice then and there refused to take said complaint.

Petitioner prays the writ of *mandamus* to be directed to said police justice, commanding him forthwith to take such complaint, issue his warrant for the arrest of said James Fleurimont, to the end that said James Fleurimont may be duly examined in said police court, and, if probable cause to believe him guilty shall be found, that he may be held for trial in the recorder's court for said city. An order to show cause was made by this Court during the April term, and the return of said justice filed in this Court, which admits the facts stated in said petition. The respondent is represented by counsel, who claims that section 31 of the act above cited is unconstitutional; that it is in conflict with section 26, Art. 6, of the Constitution of this State, which provides that—

"The persons, houses, papers, and possessions of every person shall be secure from unreasonable searches and seizures."

That it is also in conflict with the provisions of our State Constitution, and of the fourteenth amendment of the Constitution of the United States, that—

" No person shall be deprived of life, liberty, or property without due process of law."

The claim made by counsel is that compelling a party to remove screens and other obstructions so as not to obstruct the view from the sidewalk and street in front of the building in which said saloon and room is, is an unwarrantable interference with the houses and possessions of the people, and—

" That you cannot enter one's premises with your eyes without consent any more than you can with your person."

That it is in fact a species of search, and the very purpose for which it was passed was to secure evidence on the part of the government upon which might be based prosecutions for violations of the act; that the right to construct a building without windows, or with stained windows, or with curtained windows, is one of the uses the owner has a right to make of his property ; that the section does not apply to the premises when business is actually being carried on, but only when business is stopped, or is required to be stopped ; and that it is not a regulation of the methods of doing business.

We do not think this section open to the objections raised, but that it must stand as a part of the act. The position of counsel for the respondent would undoubtedly be correct were the provisions of such a statute sought to be applied to one's dwelling, or to any place where any useful business, profession, trade, or occupation is carried on; but the business of selling intoxicating liquors is one which the Legislature have an undoubted right to regulate or prohibit, and they have therefore the power to impose such conditions and restrictions upon the sale as in their judgment may seem wise, where such restrictions are applied to all alike or to the same class alike. It is within the power of the legislative branch of the

State government, and is a part of the police regula-
tions, such as the State may make in respect to the sale
of intoxicating liquors for the prevention of intemperance,
pauperism, and crime. It is not for the courts to deter-
mine its expediency, or, as said by Mr. Cooley in his work
on Constitutional Lmitations,—

"To run a race of right, reason, and expediency with
the legislative branch of the state government."

If the Legislature may altogether prohibit the liquor
traffic, they may make such conditions if it is permitted
to be continued, and place its sale under such restrictions,
as will make it easy to detect any violations of law; and it
is not easy to see how one who chooses to engage in a busi-
ness which requires special regulations to prevent a viola-
tion of the law, can claim that this provision violates
those provisions of the Constitution. It is neither a search
of his premises, nor a seizure of his property, nor does it
deprive him of his property.

The business of selling intoxicating liquors has for many
years, both in this country and in England, been regarded
by legislatures and courts with disfavor; and it does not
stand upon the same plane of utility and morality with
many useful arts, trades, and professions.

This legislation is not new. In *Com. v. Costello*, 133
Mass. 192, and *Com. v. Casey*, 134 Id. 194, a regulation
like the one in question, but even broader, covering the
period in which the saloon keeper is authorized to do
business, was sustained ; and if one may be compelled to
conduct the sale in open view of the public, without vio-
lating the principles for which the counsel contends, then
no good reason exists for holding that such principles
would . be violated by an act compelling the seller to
expose. the interior of his building where sales are made
at all times when forbidden by the law to make sales.

It is necessary to the public peace that saloons shall be kept closed Sundays and holidays, and at late hours at night. Under this provision it is easy for an officer or other person to determine whether a saloon is open contrary to law. This section of the act must be held valid.

*Mandamus* will issue to Edmund Haug, police justice, directing that proper complaint be entertained for violations of this section of the act.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred with LONG, J.

CAMPBELL, J. I think it competent for the Legislature in regulating the liquor traffic to adopt regulations conducing to the full publicity of sales, and to require places of sale not to be shut out from view by putting up blinds and screens or other things intended to obstruct the view of the transactions which may go on at any hour in the sales-rooms. If a complaint is made setting forth on oath such specific facts as are required to justify a criminal warrant, I think respondent should entertain it. The complaint in question is not a good one, but the refusal of the justice to entertain jurisdiction at all renders it proper to give him directions to do so on a proper showing. I therefore concur in the result for the reasons I have mentioned, and do not deem it necessary to consider any others. It is possible this statute may contain some imperfections, but with a fair construction I think it is valid.