## PEOPLE *v.* HENWOOD.

1. INTOXICATING LIQUORS — LOCAL-OPTION LAW — AMENDMENTS — REPEAL.

    The local-option law of 1889 (Act No. 207) was not repealed by Act No. 183, Pub. Acts 1899, which specifically repeals section 7 of the earlier law, purports to amend certain other sections, and adds a new section thereto, requiring druggists to report to the prosecuting attorney all sales of intoxicating liquors.

2. SAME — SUBMISSION TO ELECTORS.

    Act No. 183, Pub. Acts 1899, which amends the local-option law by requiring druggists to report to the prosecuting attorney all sales of intoxicating liquors, but which in no way alters the prohibitory features of the earlier law, is in effect in counties where local option is in force, without its being specially submitted to a vote of the people of the county.

3. SAME — POLICE POWER — CONSTITUTIONAL LAW.

    Act No. 183, Pub. Acts 1899, requiring druggists in counties where the local-option law is in force to report to the prosecuting attorney of the county, under oath, all sales of intoxicating liquors, is not a violation of Const. art. 6, § 26, prohibiting unreasonable searches and seizures, nor of section 32, providing that no person shall be compelled, in a criminal case, to be a witness against himself, nor be deprived of life, liberty, or property without due process of law, but it is a legitimate exercise of the police power of the State respecting the sale of intoxicating liquors.

Exceptions before judgment from Van Buren; Smith, J. Submitted February 1, 1900. Decided March 13, 1900.

William J. Henwood was convicted of a violation of the local-option law. Affirmed.

*T. J. Cavanaugh* and *A. J. Mills*, for appellant.

*James E. Chandler*, Prosecuting Attorney, for the people.

LONG, J. The respondent was prosecuted for an alleged violation of section 25, Act No. 183, Pub. Acts 1899, which provides:

"Every druggist keeping a drug-store in any county adopting prohibition under this act shall make and swear to, or cause to be made and sworn to, a true written or printed statement, signed and duly sworn to by himself or his clerk, on Monday of each and every week, giving the full name and residence of every person procuring liquor at his drug-store during the last week, the kind and quantity of liquor procured, and the date of procuring the same, and the object for which each purchase was made, and on such Mondays shall deliver or mail, prepaying the postage thereon, the same to the prosecuting attorney of the county where such store is situated, who shall preserve the same in his office; and all such statements shall be open to inspection to all citizens."

On the trial in the court below no contention was made but that respondent was a druggist prosecuting his business as such in Van Buren county; that at the time alleged in the information he made sales of liquors at his drug-store, and did not cause to be made the statements required by such section, or mail or deliver the same to the prosecuting attorney of the county. It was also conceded on the trial that Act No. 207, Pub. Acts 1889, was in force in that county when such sales were made, and that it was in force at the time of the passage of Act No. 183, Pub. Acts 1899. The court below directed a verdict

of guilty, and the case is brought here on exceptions before sentence.

Act No. 183, Pub. Acts 1899, is an act to amend certain sections of Act No. 207, Pub. Acts 1889, and to add a new section thereto, to stand as section 25, and to repeal section 7 of said act. These amendments to the various sections of the act of 1889 change the act in some respects, principally in the mode of procedure in the submission of the question of prohibition of the liquor traffic to the people of the county. Under the amendments, the petition to the board of supervisors must be signed by at least one-third of the qualified electors of the county, instead of one-fourth of the qualified electors, as required by the act of 1889. This petition can be submitted to the board of supervisors only at its next regular or adjourned session. Section 1 of the act of 1889 provided that "the provisions of this section shall not apply to druggists or registered pharmacists in selling any such liquors under and in compliance with the restrictions and requirements imposed upon them by the general laws of this State." By the amendment of 1899 that provision is retained, but added thereto are the following words: "And section twenty-five of this act as amended." Section 2 of the act of 1889 provided that "all sales of liquors by druggists or registered pharmacists in such counties [counties where sales of liquors were prohibited by the act] shall be under the restrictions and requirements imposed upon them by the general laws of this State." The amendment of 1899 adds the words thereto: "And this act as amended."

Counsel for respondent contend:

1. That the amendatory act of 1899 repealed Act No. 207, Pub. Acts 1889. We think not. The amendatory act specifically repealed section 7 of the act of 1889, and this fact raises a clear implication that no further repeal was intended. Endlich on Interpretation of Statutes (§ 203) says:

"It has even been held that a specific repeal by one statute of a particular section of another raises a clear

implication that no further repeal is intended, unless there is an absolute inconsistency between other provisions of the two statutes."

There is no such inconsistency here. So far as the pro- hibitory features of the law are concerned, they remain unchanged, except that section 25 is added, the require- ments of which are merely cumulative.

2. It is contended that it is necessary to the adoption of Act No. 183 that it should be submitted to the vote of the people of that county. We think this contention cannot be sustained. The prohibitory features of the older act are not changed, and the only additional requirement im- posed on druggists is the one requiring the report. The new act was approved April 18, 1899, and went into effect 90 days after the adjournment of the legislature, and with- out submitting it to the vote of the people. This was clearly the legislative intent, which is to be gathered from the amendatory act itself. The legislature evidently had no intention to substitute the amendatory act for that of 1889. The provisions of the old law not amended were left in all respects in full force and effect.

3. It is contended that section 25 of the amendatory act is unconstitutional, in that it violates section 26, art. 6, of the Constitution of this State, which provides that: "The person, houses, papers, and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause." That it also violates section 32, art. 6, of the Constitution of this State, which provides: "No per- son shall be compelled, in any criminal case, to be a witness against himself, nor be deprived of life, liberty, or property without due process of law." A somewhat analogous question was raised in *Robison* v. *Haug*, 71 Mich. 38 (38 N. W. 668). In that case the provisions of section 31, Act No. 313, Pub. Acts 1887, were under consideration. That section provided:

"During the time when, by the provisions of this act, places where liquor is sold or kept for sale must be closed, all curtains, screens, partitions, and other things that obstruct the view, from the sidewalk, street, alley, or road in front of or at the side or end of said building, of the bar or place in said room where said liquors are sold or kept for sale, shall be removed."

It was the contention that this section was in violation of these same provisions of the Constitution, and also of the fourteenth amendment to the Constitution of the United States. The provisions of the liquor law were upheld in that case, and the reasons there given that it was a part of the police regulations which the State might make in respect to the sale of intoxicating liquors, for the prevention of intemperance, pauperism, and crime. The argument need not be extended here. The same reasons might be applied here.

We find no error in the case, and the conviction must be affirmed.

The other Justices concurred.