PEOPLE v. SEDDON UNDERWRITING CO. et al.

(Court of Special Sessions, New York County. March, 1912.)

1. INSURANCE (§ 30*)—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Under Insurance Law (Consol. Laws 1909, c. 28) § 9, providing that no corporation or individual as principal shall transact the business of insurance within this state without a certificate' of the superintendent of insurance that it has complied with all the requirements of law and is authorized to transact such business, and section 50, providing that no person or corporation shall act as agent for a foreign insurance corporation in the transaction of insurance business within the state or aid it in any manner unless it shall have fully complied with the provisions of that law, and Penal Law (Consol. Laws 1909, c. 40) § 1199, providing that any person acting for himself or for others not having been specially licensed as provided by law, who solicits or procures or aids in the solicitation or procurement of policies of insurance from, or aids the transaction of any business for any foreign insurance corporation which has not executed and filed a written appointment of the superintendent of insurance as its lawful attorney for the service of process, is guilty of a misdemeanor, a party issuing insurance policies in this state as agent of a foreign insurance corporation, not having obtained a certificate to do business, is guilty of a violation, although the property insured is without the state.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 35; Dec. Dig. § 30.*]

2. INSURANCE (§ 4*)—CONSTITUTIONAL AND STATUTORY PROVISIONS.

Insurance Law (Consol. Laws 1909, c. 28) § 9, providing that no corporation or individual as principal shall transact the business of insurance within this state without a certificate of the superintendent of insurance that it has complied with all the requirements of law and is authorized to transact such business, and section 50, providing that no person or corporation shall act as agent for a foreign insurance corporation in the transaction of insurance business within the state or aid it in any manner unless it shall have fully complied with the provisions of that law, construed to forbid the issuance of policies in this state by a foreign corporation not authorized to do business by its agent, although the property insured is without the state, are constitutional.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 4; Dec. Dig. § 4.*]

Forker, P. J., dissenting.

Seddon Underwriting Company and another were charged with violations of law. Defendant named found guilty.

Chas. S. Whitman, Dist. Atty., of New York City (Jos. H. Adams, of New York City, of counsel), for the People.

Ralph H. Raphael, of New York City, for defendant.

ZELLER, J. The defendant is charged upon six counts with violation of the Insurance Laws (Consol. Laws 1909, c. 28) and section 1199 of the Penal Law (Consol. Laws 1909, c. 40), of the state of New York.

Sections 9, 30, of chapter 33 of the Laws of 1909, provide that no corporation or individual, as principal, shall transact any insurance business within this state without having first obtained a certificate of authority from the Superintendent of an attorney by a foreign corporation on whom process may be served in this state. It is admitted that the United London & Scottish Insurance Company, Limited, a foreign corporation for whom the defendant acted and validated its policy of insurance on April 25, 1910, in favor of the Pierson Dry Goods Company, insuring the latter in the sum of $2,000 against loss or damages by fire on stock of merchandise located in Owensboro, Ky., has not applied to the Superintendent of Insurance of the state of New York for a certificate, and it was not at the issuance of the policy mentioned and never was authorized to transact business in this state. That being a fact, the defendant could not act as agent for said corporation, because section 50 of chapter 33 of the Laws of 1909 provides that no person or corporation shall act as agent for any foreign corporation in the transaction of any business of insurance within this state "unless such corporation shall have fully complied with the provisions of this chapter," namely, applied to the Superintendent of Insurance for a certificate and secured the issuance of such by the same. Because of the failure of this principal to comply with this statute in getting a certificate from the State Superintendent, the latter, of course, refused to accept a power of attorney from the defendant. If it was illegal for the principal to issue a policy of insurance in this state, it could not legally transfer such action to an agent. Excelsior Grain Binder Co. v. Stayner, 25 Hun, 91; Sedgwick v. Stanton, 14 N. Y. 289. It is elementary that what a principal cannot do himself he cannot delegate to another.

The gravamen of the charge is not the failure to obtain from the Insurance Superintendent authority in pursuance of which process might be served upon the defendant as an agent of the United London & Scottish Insurance Company, Limited, but rather the acting of the defendant as such agent for the insurance company which had not obtained a certificate, and therefore could not act as agent for an unauthorized company.

The business of insuring against loss or damages by fire is of vast consequence, and it is no doubt true that New York City is the clearing house of insurance involving, as it does, the payment of millions every year.

[1, 2] Is it not because of this enormity of business of insurance that the people of this great state who endeavor to protect their property by insurance look to the legislative powers to protect them against insurers, and particularly against foreign corporations? The Insurance Laws of 1899 (Laws 1899, c. 85), it seems to me, recognize the need of legislation on that score, and in positive terms provide under what conditions a foreign corporation can do business in this state and under what conditions an agent may act for the same. There is practically no contention between the learned counsel for the defendant and the able district attorney as to the facts, except that the defendant practically assumes that, well knowing that the filing of a

power of attorney would be refused, there was no need for the application. The defendant, however, contends that the insurance laws apply only to property within this state, and for the purpose of insuring against loss or damage by fire of property outside of this state the foreign corporation did not require a certificate of authority from the State Superintendent, nor was it incumbent upon the defendant to file a power of attorney as provided by section 30. In other words, the defendant contends that, under the facts, the state has no jurisdiction over the acts of the foreign corporation in insuring property without the state, and if the law is construed as contended for by the Superintendent of Insurance it is unconstitutional. It is true that nowhere in the act is there mention made of insuring property "without the state." But, query: Is this material? The statute forbids the transacting of any business of insurance, either by the principal or agent, without having first obtained a certificate from the State Superintendent of Insurance. The issuance of a policy within the state of New York by the defendant is the making of a contract which is binding upon the insurer and the insured and is a liability which is created under the laws of the state of New York. King v. Sarria, 69 N. Y. 24, 25 Am. Rep. 28; Ross v. Wigg, 34 Hun, 192; Hodges v. Shuler, 24 Barb. 68.

And a more serious question then arises: Can the Legislature of one state prohibit the issuance of insurance of property in another state, and is the act of the agent of the defendant in issuing a policy of insurance in the state of New York on the 25th day of April, 1910, as the agent of the United London & Scottish Insurance Company, Limited, affecting property in the state of Kentucky, a violation of the insurance laws and a violation of section 1199 of the Penal Law? The defendant claims that if applicable to the case at bar it is unconstitutional because it violates the constitutional right of contract. The transaction of business of a foreign corporation in this state is not a matter of right. The state may prohibit on such conditions as it deems best. Amer. Telegraph Co. v. Western U. Telegraph Co., 67 Ala. 26, 42 Am. Rep. 90.

In Commonwealth v. Alger, 7 Cush. (Mass.) 53–58, Chief Justice Shaw says:

"The police power was vested in the Legislature by the Constitution to make, ordain, and establish all manner of laws, either with penalties or without, not repugnant to the Constitution, as they shall judge for the public good and welfare of the commonwealth and the subjects of the same."

See, also, Matter of Application of Jacobs, 98 N. Y. 98–108, 50 Am. Rep. 636; People v. Lochner, 73 App. Div. 120, 76 N. Y. Supp. 396, and the many cases there cited.

It is an exercise of police power inherent in the state to make such rules and regulations respecting property rights necessary for the public welfare. Chief Justice White, in the case of Hooper v. State of California, 155 U. S. 648–655, 656, 15 Sup. Ct. 207, 210 (39 L. Ed. 297), says:

"The state of California has the power to exclude foreign insurance corporations altogether from her territory, whether they were formed for the

purpose of doing a fire or a marine business. She has the power, if she allows any such companies to enter her confines, to determine the conditions on which the entry shall be made. And, as a necessary consequence of her possession of these powers, she has the right to enforce any conditions imposed by her laws as preliminary to the transaction of business within her confines by a foreign corporation. The power to exclude embraces the power to regulate, to enact, and enforce all legislation in regard to things done within the territory of the state."

So, also, in Robison v. Haug, 71 Mich. 38, 38 N. W. 668; Meadowcroft v. People, 163 Ill. 56; 45 N. E. 991, 35 L. R. A. 176, 54 Am. St. Rep. 447.

And in pursuing that policy the state may control business "clothed with a public interest," by requiring those doing business within her borders to procure licenses or to pay license taxes. City of Philadelphia v. Postal Telegraph Co., 67 Hun, 21, 21 N. Y. Supp. 556; N. Y. Board of Underwriters v. Whipple, 2 App. Div. 361, 37 N. Y. Supp. 712.

In the case of Commonwealth v. Vrooman, 164 Pa. 306, 30 Atl. 217, 25 L. R. A. 250, 44 Am. St. Rep. 603, it has been expressly held that legislation forbidding a person, partnership, or association to issue any insurance unless expressly so authorized by a charter of incorporation does not deny the equal protection of the laws. The situation of the property does not affect the reason for the rules regulating the business of insurance, and it is not a violation of the Constitution of the United States to require a license of persons who transact business of insurance within the state affecting property situated in another. The case of Fisher v. Woods, 187 N. Y. 90–94, 95, 79 N. E. 836, 837 (12 L. R. A. [N. S.] 707), noted by the defendant, rather sustains the people. Justice Haight defines the police powers of the state. He says:

"The power must be exercised subject to the provisions of both the federal and state Constitutions, and the laws passed in the exercise of such power must tend in a degree that is perceptible and clear towards the preservation of the public safety and the welfare of the community."

To justify the state in interposing its authority in behalf of the public, it must appear that "the public generally as distinguished from those of a particular class" required such interference.

It must be conceded that the legislative provisions under which foreign corporations are allowed to transact business in this state affect the welfare of the whole people. If foreign corporations are permitted to do business in this state through an agent, as in this case, without being subjected to supervision over their transactions and examination as to their financial standing and without taxation, I fear incalculable injury might result to the people.

The defendant must be adjudged guilty of the charge.

FORKER, P. J., dissents.

FLEMING, J. Upon the trial the people abandoned the case against Louis E. Seddon, and the complaint as to him was dismissed. As to the other defendant, the Seddon Underwriting Company, I vote guilty as charged.

The acts complained of were all performed within the state of New York, and these acts are forbidden by our laws. The state may lawfully exercise jurisdiction over all persons within its domains. The defendant was within its domains when it aided in effecting insurance in a foreign company of certain merchandise situated in the state of Kentucky. The contention of the defendant is that, the property being thus situated in another state, the acts charged are not within the purview of the statute and that, if they are, the statute is violative of the Constitution.

. It seems to me that the "situs" of the property is merely a circumstance that may be considered as bearing upon the question as to where was transacted the business of insuring it; but, once it is clear and certain that all the business of insuring was done within the state of New York, it is then immaterial where the property was situated, especially in view of the rule that personal property has no fixed "situs." Perhaps somewhat in line with the principle invoked by the people upon this question is the case of Newton v. Bronson, 13 N. Y. 587, 67 Am. Dec. 89, wherein it is held that the courts of this state having jurisdiction of the person could legally compel the execution and delivery of a deed to property (real estate) situated in Illinois. I think this case, by way of analogy, is authority for the view that it would be violent implication to hold that the words of the statute, explicitly declaring as guilty of a misdemeanor any person not duly licensed who aids in the transaction of any business for a foreign insurance corporation which has not filed a written appointment of attorney in the office of the Superintendent of Insurance, were meant to exclude persons who transacted such business with reference to property situated beyond the state, or were intended to place such persons beyond the jurisdiction of the courts of our state.

And I also think that the case of Fisher Co. v. Woods, 187 N. Y. 90, 79 N. E. 836, 12 L. R. A. (N. S.) 707, cited by the defendant against the constitutionality of the statute in question, is not applicable; the opinion in that case declaring that:

"Had the act been for the purpose of regulating the business of brokerage, or a statute of frauds, a different question would have been presented; but it is neither."

It seems to me that the statute upon which this prosecution is based is clearly one intended to regulate the business of insurance, and therefore not within the case of Fisher v. Woods.