# STATE v. FRANK N. STEIN.[1]

May 28, 1943.

No. 33,490.

[1]Reported in 9 N. W. (2d) 763.

*Max Shapiro,* for appellant.

*J. A. A. Burnquist,* Attorney General, *Mandt Torrison,* Special Assistant Attorney General, *Michael J. Dillon,* County Attorney, and *Luther Sletten,* Assistant County Attorney, for the State.

THOMAS GALLAGHER, JUSTICE.

Defendant appeals from an order of the municipal court denying his motion for a new trial after his conviction upon a charge of failure to keep a complete and correct book record of three transactions involving the purchase and sale of raw furs in violation of L. 1941, c. 410, Minn. St. 1941, § 98.12 (Mason St. 1941 Supp. § 5547). He contends that the statute is not a penal one, but an administrative provision designed for statistical purposes and as a guide in the issuance of licenses to fur dealers; that, if penal, it is unconstitutional; and, finally, that the evidence is not sufficient to sustain his conviction thereunder.

At the time of the transactions defendant was a licensed fur dealer. The particular charge against him related to his purchase of three mink pelts from the Benson Produce Company on November 12, 1941. Upon demand of the game warden he was unable to produce book records of the purchase and sale of the pelts other than his check stubs with penciled notes on the reverse sides thereof.

The portion of the statute here involved provides:

"All fur buyers shall furnish to the director of game and fish such reports as he may require for statistical purposes on blanks furnished them for this purpose, and shall keep a correct and complete book record in the English language of all transactions in the buying and selling of raw furs carried on by the licensee. This record shall and must show from whom purchased and to whom sold, giving the postoffice addresses, together with the date of receipt and shipping of such furs, and a detailed account as to the number and kinds of raw furs in each shipment that is purchased or sold by them. This record shall be open for inspection by the director of game and fish, his agents or deputies at all reasonable

hours. Said record shall be kept intact for a period of two years after the expiration of any license issued under the provisions of this act as relates to the transactions carried on while such license was effective."

The trial court held that defendant's check stubs did not constitute compliance with the statute, found him guilty of violating the same, and imposed a fine of $20.

■ Defendant asserts that the lack of a penal provision in connection with L. 1941, c. 410, indicates that it was not intended as a penal statute, but rather as a directory or administrative provision either for statistical purposes or as a guide in the issuance of licenses to fur dealers. It is one of a series of amendments to § 53 of the act adopted in 1919 revising and codifying the game and fish laws. L. 1919, c. 400. Section 16 thereof reads as follows:

"Unless a different penalty or punishment is herein specifically prescribed, a person who buys, sells, offers for sale, takes, possesses, or transports any wild animal or part thereof in violation of this chapter or of any of the laws of this state relating to the preservation of wild animals, or who violates any of the provisions of, or who fails to perform any duty imposed by this chapter, or who violates any duly adopted regulation of the commissioner, or any person who attempts to do so, is guilty of a misdemeanor."

This provision applies to § 53 of the same act and is a part of it. Section 53 as amended became § 5547 of Mason St. 1940 Supp. and now appears as §§ 98.12 and 100.14 in Minn. St. 1941. The act here involved, L. 1941, c. 410, specifically amends § 5547. Therefore, since there is no language repealing the penalty provision of L. 1919, c. 400, § 16, it is still in effect and applicable to § 53 of that act. It was not necessary that the penal provision be repeated in connection with the amendment.

The language of the amendment provides that such record "shall and must show" from whom the furs are purchased and to whom they are sold, including the postoffice address, date, etc. It was designed to eliminate the many abuses which existed in the fur traffic

and to trace furs illegally taken. In view of the purpose manifested by the language of the act, we hold that the provision relating to the keeping of book records of all transactions in buying and selling raw furs is mandatory and not directory. To hold otherwise would render ineffectual a substantial portion of the law. 6 Dunnell, Dig. & Supp. § 8954.

■ Defendant contends that L. 1941, c. 410, violates Minn. Const. art. 1, § 7, which provides: "No person * * * shall be compelled in any criminal case to be a witness against himself," and § 10 thereof, which provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." He asserts that to require him to produce the books and records here called for would, in effect, be to compel him to give evidence against himself.

With this contention we do not agree. The statute indicates that the books and records required to be kept as a condition to the procurement and retention of a fur dealer's license are not private books or records within the meaning of said constitutional provision, but, on the contrary, are of a quasi public nature. Because the state is the owner, in trust for the people, of all wild animals, Minn. St. 1941, § 97.03 (Mason St. 1927, § 5496), it may impose upon fur dealers reasonable terms and conditions such as those here involved to protect and preserve its interest in this resource. The law further provides that such records shall be kept open for inspection by the director of game and fish, thereby removing the private nature of any such records and making them public documents. Nothing in this procedure in effect compels a defendant thereby to become a witness against himself. People v. Henwood, 123 Mich. 317, 82 N. W. 70; United States v. Mulligan (D. C.) 268 F. 893.

■ Defendant claims the statute violates Minn. Const. art. 4, § 27, which provides that no bill shall embrace more than one subject, to be expressed in its title. The original act is entitled:

"An act to amend, supplement, revise, consolidate and codify the laws of this state relating to the preservation, protection and prop-

agation of wild animals, including quadrupeds, birds and fish of both this and other states, and to repeal certain laws relating thereto."

Defendant asserts that the keeping of books and records as required by the statute here involved is not connected with nor related to the subject expressed in the title of the original act, and hence that it violates the above provision. Again we must disagree with defendant. Clearly, the amendment requiring the keeping of such books for inspection is embraced within and directly connected with the title above expressed. State v. Phillips, 176 Minn. 472, 223 N. W. 912.

■ The evidence was sufficient to sustain the conviction. Defendant produced only his check stubs at the trial, which he claims constituted compliance with the statute. The check stubs were incomplete. The notations on the backs thereof were in pencil. It did not appear when such notations were made. One failed to indicate the date of the sale. They could not be regarded as the "correct and complete book record in the English language of all transactions in the buying and selling of raw furs" required by the statute. There was ample evidence to sustain the decision of the trial court in this respect.

Order affirmed.