### COMMONWEALTH *vs.* JOHN CASEY.

Suffolk.   Nov. 27, 1882. — Jan. 3, 1883.   DEVENS & HOLMES, JJ., absent.

The Pub. Sts. *c.* 100, § 12, as amended by the St. of 1882, *c.* 259, § 1, providing
    that no licensee shall maintain, or permit to be maintained, upon any premises
    used by him for the sale of spirituous or intoxicating liquor under the provisions
    of his license, any screen, blind, shutter or other obstruction, in such a way as
    to interfere with a view of the business conducted upon the premises, or with
    a view of the interior of the premises, applies to a licensee who maintains such
    shutters upon his premises on the Lord's day, although he is prohibited from,
    and is not in fact, carrying on business on that day.

COMPLAINT to the Municipal Court of Boston, on the Pub.
Sts. *c.* 100, § 12, alleging that the defendant, on August 6, 1882,
at Boston, was duly licensed to sell spirituous and intoxicating
liquors in a certain building on Carver Street in said city, which
was then and there used by him for the sale of such liquors
under the provisions of his license; and that he then and there
placed and maintained on said premises, so used by him, " a
certain screen, blind, shutter, curtain and partition, in such a
way as to interfere with a view of the business conducted upon
said premises, and with a view of the interior of said premises."
Trial in the Superior Court, before *Mason*, J., who allowed a bill
of exceptions, in substance as follows :

There was evidence tending to show that the defendant was
licensed as a first-class victualler, to carry on that business at
the place in question ; that the defendant's shop fronted on
Carver Street, in Boston ; that on that street it had two win-
dows and a door with glass lights ; that there were windows and
a door on other sides of the shop ; that, on the morning of the
day in question (Sunday) the witnesses for the government saw
shutters at the windows and door on Carver Street, but the size
and obstruction of the shutters were in controversy.   The de-
fendant's evidence tended to show that he used these shutters
solely for the purpose of protecting nis glass in the door and
windows, and that he put them up only on closing his shop for
the night ; that on the night preceding the day in question he
put them up for that purpose ; that on the Sunday morning in
question he was sick, and did not get up till afternoon, and was
unable to get up ; that his wife was the only other person in the

house at the time; and that as soon as he did get up he took down the shutters. None of this evidence for the defendant was contradicted or denied. The government offered no evidence that any business was being done on that day, and the defendant testified positively that there was no sale made at his shop on that day; but there was evidence that the defendant carried on business upon other days than Sunday in said place, under the provisions of his license.

The defendant asked the judge to rule, among other things, as follows: " 2. In order to convict the defendant, the government must prove that the closing of the shutters prevented or interfered with a view, that is, prevented one, by reasonably approaching the shop, from seeing the business carried on in the licensed premises. 3. If the defendant was not, in fact, doing business at the time alleged, and the shutters were put up simply for the purpose of protecting his property and closing his shop for Sunday, then he cannot be convicted, provided there were reasonable means left open for obtaining a view of the interior of the premises in which he was licensed to do business."

The judge declined to give the instructions requested, and instructed the jury that the government must prove beyond a reasonable doubt that the premises of the defendant were being used for the sale of intoxicating liquors, at the time covered by the complaint, under a license therefor; that it was not necessary that the government should show that there was any sale of liquors or any business carried on in said premises on the particular day on which it was alleged the offence was committed; and that it was not necessary for the government to prove that the shutters actually prevented a view; but if they substantially interfered with a view, then such evidence would authorize a conviction.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. R. Swasey,* for the defendant.

*G. Marston,* Attorney General, (*C. H. Barrows,* Assistant Attorney General, with him,) for the Commonwealth.

COLBURN, J. The first request for instructions in this case was waived at the argument, instructions were given substantially

in accordance with the second request, leaving only the third request for instructions for our consideration. The case distinctly presents the question, whether a person holding a license to sell intoxicating liquors is, on Sunday, when he is prohibited from doing business and when he is not doing business, subject to the provisions of the Pub. Sts. c. 100, § 12, as amended by the St. of 1882, c. 259, § 1, to the same extent as on secular days, when he is carrying on business.

We are of opinion that the statute, as amended, makes no distinction in times, but applies to the whole time for which the license is granted, or until the business is permanently abandoned.

Before the amendment, it might have been argued, with some force, that the words, "interfere with a view of the business conducted upon the premises," limited the application of the statute to times when business was actually carried on ; but the addition of the words, "or with a view of the interior of said premises," precludes that construction.

It was doubtless one purpose of the Legislature to enable the officers having in charge the enforcement of the laws to ascertain readily whether the licensee was complying with the conditions of his license, as to the times he was forbidden to sell, as well as in other respects. And if it was one of the purposes of the Legislature to require that the business of selling intoxicating liquors, under license, should be carried on subject to public inspection, it is important that the public should be able to see without obstruction, not only how the business is carried on, but when it is carried on.                    *Exceptions overruled.*