PATE *v.* JONESBORO.

Opinion delivered May 6, 1905.

MUNICIPAL ORDINANCE—REGULATION OF DRAMSHOP.—A city ordinance providing that it shall be unlawful for the keeper of any saloon or dramshop to keep in any such saloon or dramshop any chairs, seats or stools upon which any one can sit down, or to allow any person to sit down upon any keg, box or barrel or beer case in such building, is a valid exercise of the power conferred by Kirby's Digest, § 5438, to regulate dramshops.

Appeal from Craighead Circuit Court.

ALLEN HUGHES, Judge.

Affirmed.

*F. G. Taylor,* for appellant.

The ordinance under which defendant was convicted is void. Const. art 12, § 4; Sand. & H. Dig. § § 5145, 5132, 5139. The ordinance undertakes to regulate the conduct of people. 45 Ark. 336; 49 Ark. 160. Authority to pass an ordinance must plainly appear from the statute. 45 Ark. 454; Dill. Mun. Corp. § § 89, 319, 330. There could be no such officer as police judge, appellee not being a city of the first class. 74 S. W. 748; 63 Ark. 1; 48 Ark. 227.

BATTLE, J. W. T. Pate was tried and convicted in the police court of the city of Jonesboro upon information stating that Pate did unlawfully permit persons to sit down upon kegs, boxes, barrels and casks in a saloon occupied and run by him in that city in violation of one of its ordinances. He appealed to the circuit court, where he was again convicted, and he then appealed to this court.

The ordinance violated was as follows:

"Section 205. It shall be unlawful for the keeper of any saloon or dramshop to keep in such saloon or bar room any chairs, seats or stools upon which any one can sit down; neither shall it be lawful for any saloon or dramshop keeper to allow any person to sit down upon any keg, box or barrel or beer case in such building; provided that stools of chairs may be kept behind the bar or other inclosure for the use of the bartender or proprietor. Any person violating the provisions of this ordinance shall, upon conviction thereof, be fined in any sum not less than twenty-five dollars, and each and every violation shall be construed as a separate offense."

The evidence adduced tended to prove the information.

Was the ordinance valid? By section 5438, Kirby's Digest, power is granted to cities to "license, regulate, tax or suppress tippling houses and dramshops;" and by section 5454 of the same Digest power is granted to them to "regulate or to prohibit ale and porter shops or houses and public places of habitual resort for tippling and intemperance."

Judge Dillon, in his work on Municipal Corporations, says: "Under a general power to pass 'any other by-laws for the well-

being of the city,' its council may, by ordinance, prohibit saloons, restaurants, and other places of public entertainment, to be kept open after ten o'clock at night. * * * It regulates, but does not deprive the party of his rights." So the ordinance in this case regulates the saloon or dramshop, and for the same reason is a valid exercise of the power granted to it. See 1 Dillon on Municipal Corporations (4th Ed.), § 400.

In *Commonwealth* v. *Casey,* 134 Mass. 194, the court sustained a statute "providing that no licensee shall maintain or permit to be maintained upon any premises used by him for the sale of spirituous or intoxicating liquor, under the provisions of his license. any screen, blind, shutter or other obstruction, in such a way as to interfere with a view of the business conducted upon the premises, or with a view of the interior of the premises."

In *Robison* v. *Haug,* 71 Mich. 38, a similar statute was upheld. The court said: "The business of selling intoxicating liquors is one which the Legislature have an undoubted right to regulate or prohibit, and they have therefore the power to impose such conditions and restrictions upon the sale as in their judgment may seem wise, where such restrictions are applied to all alike or to the same class alike. It is within the power of the legislative branch of the State government, and is a part of the police regulation such as the State may make in respect to the sale of intoxicating liquors for the prevention of intemperance, pauperism, and crime."

If the State can exercise such powers, it can grant them to cities, one of its governmental agencies. The ordinance in question was an exercise of the power to regulate tippling houses and dramshops, and its tendency was and is to prevent the assembly of disorderly or intemperate persons, and to diminish intemperance and its evil effects by lessening the inducements to make long stays in dramshops, and by making it inconvenient, unpleasant and tiresome to do so. A customer taking his drink would not, probably, remain long when he finds that he cannot sit down; but would seek places more comfortable and inviting; and when out of the dramshop, his temptation would be less, and his drinks fewer. The saloon becomes less inviting and less a place for

resort, and its evil influences are reduced.   The ordinance is, therefore, a valid and reasonable exercise of the power to regulate.

We are asked to decide other questions which were not raised in the circuit court, and were not, probably, because there was no foundation upon which they could have rested, and because facts would have probably been proved which would have shown no such questions existed.   We will not, therefore, decide them.

Judgment affirmed.