HUGH MEEHAN, PROSECUTOR, v. THE BOARD OF EXCISE COMMISSIONERS OF JERSEY CITY ET AL.

Argued July 30, 1906—Decided August 7, 1906.

1. The right to regulate the sale of intoxicating liquors by retail by the legislature or by municipalities or other authority, under legislative power given, is within the police power of the state, and is practically limitless. It may extend to the prohibition of the sale altogether. A license is not a contract. It is a mere privilege.

2. The privileges and immunities guaranteed to the citizen by the fourteenth amendment to the constitution of the United States, relates to those rights which may be called fundamental. Those which belong of right to all citizens of a free government, and which have, at all times, been enjoyed by the citizens of the several states.

3. There is no inherent right in a citizen to sell intoxicating liquors by retail; it is not a privilege of a citizen of the state or the United States.

4. Legislation that classifies licenses for the sale of intoxicating liquors by retail, so that those who are required to expose their places of business to view, are distinguished from other licensees, by palpable differences in the condition under which the liquor is to be sold, is not unconstitutional.

On *certiorari*.

Before Justices FORT, REED and TRENCHARD.

For the prosecutor, *Robert S. Hudspeth*.

For the defendants, *George L. Record, Peter Backes* and *Isaac F. Goldenhorn*.

The opinion of the court was delivered by

FORT, J. The application in this case is to set aside a resolution of the excise board of Jersey City, brought up by the writ, directing the removal of screens from certain licensed places, in accordance with the powers conferred by the supplement to the act entitled "An act to regulate the sale of spirituous, vinous, malt and brewed liquors, and to repeal an act entitled 'An act to regulate the sale of intoxicating and brewed liquors,' passed March seventh, one. thousand eight hundred and eighty-eight, approved March twentieth, one thousand eight hundred and eighty-nine," approved April 13th, 1906. *Pamph. L., p.* 199.

The resolution is as follows:

"*Resolved,* That from and after the adoption of this rule, the interior of the bar or business room in which liquors and other intoxicating drinks are sold and served under any license granted by this board shall, during such times as such sales are prohibited by law, be open to full view from the public street; *provided, however,* this rule shall have no application to such places as are exempt from its operation under the provisions of said law."

It is not claimed that the resolution exceeds the powers conferred upon the excise board by the statute. The contention is that the statute conferring the power is unconstitutional.

The power conferred is found in section 4 of the act. This section may be said to be inartistically drawn. It is quite involved. Summarized, it prohibits the granting of a license to any person to sell spirituous, vinous, malt or brewed liquors by less measure than one quart:

(1) In any place where a grocery or mercantile business is carried on, excepting the keeping of a restaurant and selling tobacco and cigars;

(2) In any new place within two hundred feet of a church edifice, school-house or armory; or,

(3) In any place, except in a bar or business room upon the ground floor or basement of a building upon a public

street, excepting, however, out of this third (3) class the following licensed places:

(a) An inn and tavern, or a hotel having at least ten spare rooms and beds for the accommodation of boarders, &c.;

(b) A restaurant conducted upon more than one floor or story of a building where meals are regularly furnished to the public for compensation;

(c) A picnic or recreation ground;

(d) A building with a bowling alley;

(e) A building entirely occupied by a regularly-organized club or association.

The contention is that these exceptions result in a practical discrimination between saloon licenses and inn or hotel licenses, as well as between saloons and licensed restaurants of the excepted class where meals are regularly furnished. This seems to be the clear effect of the statute. It also distinguishes between saloons and picnic grounds and also between saloons with and without bowling alleys.

The reason for this classification is not for the court to endeavor to discover or to attempt to reconcile with what may or may not be deemed the policy of the state as to granting, restricting or withholding licenses. With these questions the court has nothing to do. The legislature, so long as it keeps within its constitutional prerogatives, is, upon such questions, supreme. If the legislation is objectionable on questions of political policy the legislature must be looked to to remedy it. That is not within the province of the court. We can only inquire as to the legislative power under the constitution.

The section further provides that, as to all the licensed saloons or other places where liquor is allowed to be sold, except in the excepted classes as aforesaid, "no spirituous, vinous, malt, brewed or other intoxicating liquors shall be sold or served in any room, except in such bar or business room, and the clear interior view of the whole of said bar or business room * * * shall be in no way obstructed by a screen, non-transparent glass, shade, blind, door, shutter, merchandise, or any other article placed in any of said rooms."

This part of the section would seem to be clear enough and to be prohibitive of all screens or the like which are obstructive of a clear view of the whole interior of the room in which liquors are sold. A violation of this provision by any person or persons makes the person guilty of the offence of keeping a disorderly house. But the section seems to go further than this on the subject of screens and the like, and to provide that, in addition or as supplementary to this general requirement of the statute, "the court, excise board or other board or authority having power by law to grant licenses, &c., * * * shall, upon the days and times when the sale of liquors or other intoxicating drinks is by law prohibited to be sold [Sundays and election days], may at any or all other times, require that the entire interior of such bar or business room * * * shall, during the entire prohibited time, or may at any and all other times as may be required by such authority, be open to full view from the public street."

It is a resolution to require this clear view from the public street on prohibited days of all places not within the excepted classes that we are asked to declare void, because it is claimed that the conferring of the power upon the excise board to pass such a resolution is unconstitutional.

Before considering this question, it might be well to state for clearness that it would seem that the section under review makes two offences. The one by the terms of the act itself, for failure to keep a clear interior view of the whole of the bar or business room, free from any obstruction or screen, non-transparent glass, shade, blind, door, shutter or merchandise or other article placed in any of said rooms." The other relates to any obstruction which prevents a like clear view from the public street.

It was evidently the legislative purpose to prohibit, in all cases, by force of the statute itself, any obstruction of the view, by any person, of any other person within the bar or business room serving or being served with liquor therein. The interior of the bar or business room must be so arranged as to give *at all times* an unobstructed view of the whole in-

terior *from the interior,* and when the court, excise board or other licensing authority in any municipality shall so require, the same unobstructed view of the bar or business room must exist *from the public street.*

The resolution of the excise board of Jersey City here for review requires such unobstructed view from the public street upon the prohibited days.

We are unable to find in this requirement of the statute any unconstitutional feature. The right to regulate the sale of intoxicating liquors by the legislature, or by municipal or other authority under legislative power given, is within the police power of the state, and is practically limitless. It may extend to the prohibition of the sale altogether. A license is not a contract. It is a mere privilege. *Cooley Const. Lim.* (5th ed.) 718; *Crowley* v. *Christensen,* 137 U. S. 86; *Robison* v. *Haug,* 71 Mich. 38.

It is unnecessary to extend the discussion of this question beyond the examination of the statute and this brief statement of its purpose to show that the act is a mere regulation of the sale of liquors under a license granted by the state, which has been uniformly held to be within the power of the legislature under the police power. While the statute is discriminating, and does seem to impose more restrictions upon one class of dealers than upon another, still such a classification of all dealers similarly situated is entirely within the legislative authority, and one of the answers to the objection to the act on this ground is that no one is compelled to take out a license to engage in the sale of intoxicants by retail who does not wish to do so or who does not like the law to which he is required to conform.

For the authority for such legislation as that under review, a full citation of the cases in all the states will be found in 17 *Am. & Eng. Encycl. L.* (2d ed.), *tit. "Intoxicating Liquors."* See, also, *Commonwealth* v. *Casey,* 134 *Mass.* 194; *Metropolitan Board of Excise* v. *Barrie,* 34 N. Y. 657; *State of New Hampshire* v. *Corron et al.,* 62 *Atl. Rep.* 1044.

It was also urged that this act is in violation of that part

of the fourteenth amendment to the constitution of the United States which reads as follows: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States. Nor shall any state deprive any person of life, liberty or property without due process of law. Nor deny to any person within its jurisdiction the equal protection of the laws."

This clause of the federal constitution relates to those rights of the citizen which may be called fundamental—those which belong of right to all citizens of a free government, and which have at all times been enjoyed by the citizens of the several states. *Ward* v. *Maryland, 12 Wall.* 430; *Slaughter-House Cases,* 16 *Id.* 36; *Powell* v. *Commonwealth of Pennsylvania,* 127 *U. S.* 678.

Mr. Justice Field, in *Crowley* v. *Christensen, supra,* says:

"There is no inherent right in a citizen to sell intoxicating liquors by retail. It is not a privilege of a citizen of the state or the United States. It may be entirely prohibited by state legislation or limited in its evils."

The police power is inherent in the several states, and was left with them under our federal system of government as the constitution was originally ratified by the states, and the fourteenth amendment has not changed this in any way.

The cases in the Supreme Court of the United States and the several state courts affirming this principle will be found collected in 22 *Am. & Eng. Encycl. L.* 919.

The states have always, under this police power, regulated, and, if they desired, prohibited, the retail liquor traffic. Retailing intoxicating liquors was never a privilege which the citizen could demand as a right. It has been subject to license and regulation at all times, and is still so. This court has so held. *Hoboken* v. *Goodman,* 39 *Vroom* 217; *Croker* v. *Board of Excise of Camden, post.*

One engaging in the sale of liquor at retail does so subject to the right of the state, under its police power, to terminate the business at its pleasure. There is no contract relation between the state and the licensed retail liquor dealer. He

must conform his business to the state and municipal regulations, lawfully enacted.

The fourteenth amendment in no way impairs the force of the legislation under review.

It is not our intention, of course, to affirm that, under the police power, notwithstanding the fourteenth amendment, the state may, by arbitrary, fanciful or illusory action, discriminate between citizens holding licenses. After the license is granted, all who are similarly situated are entitled to equal privileges as licensees. Class legislation, whether within or without the police power, discriminating against some and favoring others, is prohibited, but legislation carrying out a public purpose, although limited in its application, if, within the sphere of its operation, it affects alike all persons similarly situated, is not interdicted by the fourteenth amendment. *Soon Hing* v. *Crowley,* 113 *U. S.* 703; *Barbier* v. *Connolly, Id.* 27, 32; *Hayes* v. *Missouri,* 120 *Id.* 68; *Jones* v. *Brim,* 165 *Id.* 180.

In the legislation under review, we think the legislature has clearly classified the licensees so that those who are required to expose their places of business to view are distinguished from other licensees by palpable differences in the conditions under which the liquor is to be sold, and those differences appearing as shown by the analysis of the statute at the beginning of this opinion, the court will not interfere with the conclusion of the legislature that they afford a proper basis for the discrimination exercised. *Wright* v. *Hart,* 93 *N. Y. Supp.* 60.

It was also contended upon the argument that even if section 4 of this act of April 13th, 1906, was not unconstitutional, that section 5 of the act was clearly so, and that this section being so would avail to avoid the entire act.

We cannot agree to this view. If section 5 of the act should be determined to be unconstitutional, it appears to be an entirely independent section, and is clearly severable from and unconnected with the other provisions of the statute, and under our decisions might be declared to be void without

affecting the rest of the act. *McArdle* v. *Jersey City,* 37 *Vroom* 590; *State* v. *Davis,* 61 *Atl. Rep.* 2.

We do not find any ground upon which the act of April 13th, 1906, can be said to be unconstitutional, and hence the resolution of the excise board of Jersey City brought up by the writ in this case is a valid exercise of the power conferred by the statute and is sustained, with costs.