APOLONIA CUIRCZAK, PROSECUTRIX, v. JOHN KERON ET AL., COMMISSIONERS OF EXCISE OF ELIZABETH.

Submitted March 20, 1908—Decided June 8, 1908.

In proceedings taken under the supplement of 1906 to the act of 1889 regulating the sale of intoxicating liquors (*Pamph. L.* 1906, *p.* 199), for the forfeiture of the license of an inn and tavern for non-compliance with the provision that "if the license be not in an inn and tavern, or a hotel having at least ten spare rooms and beds for the accommodation of boarders, transients and travelers," the interior shall be exposed to view from the street at all times when the sale of liquor is prohibited by law, the complaint must set forth that the inn and tavern whose license is sought to be forfeited did not have such accommodations for guests as to bring it within the class exempted by the statute.

---

On *certiorari.*

Before Justices REED, PARKER and VOORHEES.

For the prosecutrix, *Alfred A. Stein.*

For the defendants, *James C. Connolly:*

The opinion of the court was delivered by

PARKER, J.   This writ of *certiorari* brings up proceedings of the commissioners of excise of the city of Elizabeth, by virtue of which a license granted to prosecutrix to keep an inn and tavern and sell intoxicating liquors therein was declared forfeited.

The return shows that the original license to prosecutrix was granted in November, 1905, to run until November 4th, 1906, and was renewed as of November 4th, 1906, to run another year.

On September 20th, 1906, the excise board passed a resolution, pursuant to section 11 of the Werts act of 1889, as amended in 1906 (*Pamph. L., pp.* 203 *et seq.*), requiring the interior of the bar or business rooms of all places for the sale of liquor, not exempt by statute from such requirement, to be open to view from the street during the times that sale of liquor was prohibited by law. No notice of the passage of this resolution appears to have been given to prosecutrix or to any other liqour seller.

On July 6th, 1907, complaint in writing was made that prosecutrix, on June 30th, Sunday, violated the supplement of 1906, in that the interior of her premises was not open to view, &c.

The hearing was set for August 15th, but adjourned over from time to time and was finally had on December 12th, 1907. Meanwhile the license sought to be revoked had expired and a new license had been applied for and issued as of November 7th, 1907, to run till November 7th, 1908. Notwithstanding this fact the hearing was held on December 12th, and the judgment, after reciting notice to the parties to appear on August 2d, 1907, and show cause why the license *heretofore* granted, &c., should not be revoked, and the hearing pursuant

382    NEW JERSEY SUPREME COURT.

Cuirczak v. Keron et al., Commrs. Excise.    76 *N. J. L.*

thereto, adjudged "said Apolonia Cuirczak to have been guilty of violating the provisions of said statute on Sunday, the 30th day of June, 1907, and do declare the said license *heretofore* granted to the said Apolonia Cuirczak to be revoked and annulled."

Prosecutrix claims that this judgment undertakes to revoke the license that was in force at the time of its rendition, viz., from November 7th, 1907, to November 7th, 1908; but we do not so construe the language of the judgment. The word "heretofore," as used in the recital of the note to show cause, can refer to the granting of no other license than that then in force, and to expire November 4th, 1907, and no other license is subsequently mentioned; so that the judgment of forfeiture operated on a license that had already expired by limitation and did not affect the new one in force at the time it was rendered, nor, as we read the statute, could it have done so.

Further discussion of the questions of law raised by the reasons filed therefore seems merely academic; but as prosecutrix is entitled to a decision on the question whether the proceedings were irregular, as she claims, we may add that neither in the complaint nor the evidence does it appear that prosecutrix was subject to the operation of the "screen clause." The peculiar language of the statute has been commented on and paraphrased in *Meehan* v. *Excise Commissioners,* first by this court in 44 *Vroom* 382, and by the Court of Errors and Appeals in an opinion by the present Chancellor, reported in 46 *Id.* 557, where that court construes the statute as exempting hotels and "inns and taverns" which contain ten or more spare rooms from the operation of the "screen clause," while subjecting to it the smaller ones containing less than ten rooms. The wording of the statute is: "the * * * excise board * * * if said license is not in an inn and tavern * * * having at least ten spare rooms and beds * * * shall upon the days," &c., "* * * require that the entire interior * * * be opened to view," &c.

In view of this phraseology, it seems clear that if forfeiture of an inn and tavern license is sought, the complaint should state not only the granting of such license, but should show

that the "screen clause" applied to it, viz., that the license was not in an inn and tavern containing at least ten spare rooms, &c., or more accurately, that the inn and tavern kept by prosecutrix under her license did not contain at least ten spare rooms. *Roberson* v. *Lambertville,* 9 *Vroom* 69; *Hoffman* v. *Peters,* 22 *Id.* 244. The complaint before us simply says that Apolonia Cuirczak, the owner and proprietor of an inn and tavern (giving location), for which a license was granted, did violate the act of 1906, in that the interior, on June 30th, 1907, was not open to view.

Whether at the trial the burden rested on the prosecution of proving that the inn and tavern contained less than ten spare rooms, or on the defence that it contained ten or more, may be a question in view of such decisions as *Greeley* v. *Passaic,* 13 *Vroom* 87, and *Jackson* v. *Camden,* 19 *Id.* 89, but it is clear that the prosecutrix was entitled to an accusation which by its terms brought her within the statute and should not have been put on her defence unless it did so.

Several interesting questions are raised by other reasons filed by prosecutrix, *e. g.,* whether she can avail herself of lack of notice to the owner as a ground of reversal, as seems indicated in *Tindall* v. *Monmouth Pleas, ante p.* 71, though apparently not necessary to that decision, and whether publication or notice to prosecutrix of the passage of the screen resolution by the board was required. The conclusion reached as to the insufficiency of the complaint renders it unnecessary to decide these questions or to consider other reasons relied on.

The judgment of forfeiture will be set aside, with costs.