## CITY OF DELPHI v. HAMLING.

[No. 21,113. Filed October 7, 1909.]

1. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Effects on Business.*— *Intoxicating Liquors.*—*Evidence.*—In determining the validity of a city ordinance prescribing the method of construction and arrangement of a saloon, evidence of the probably injurious effects thereof on the business is inadmissible. p. 648.

2. PLEADING.—*Insufficient Answer.—Insufficient Complaint.*—The overruling of a demurrer to a bad answer does not constitute reversible error, where the complaint is bad. p. 648.

3. MUNICIPAL CORPORATIONS.— *Powers.*— Municipal corporations have only such powers as are expressly or impliedly granted, and those essential to the declared purpose of the corporation. p. 649.

4. MUNICIPAL CORPORATIONS.— *Ordinances.— Reasonableness.— Express Statutory Sanction.—General Statutes.*—Where the statute authorizes municipalities to pass ordinances of a specific character, the reasonableness of such ordinances cannot be questioned, but where the statute is general, the reasonableness of ordinances passed pursuant thereto is for the courts. p. 649.

5. INTOXICATING LIQUORS.—*Legislative Powers Over.*—The police power of the legislature to deal with intoxicating liquors is unlimited. p. 651.

6. MUNICIPAL CORPORATIONS.—*Ordinances.—Intoxicating Liquors.— Rooms.—Arrangement of.*—A city ordinance providing that any room where liquors are sold "shall be one single room, without rear or side doors, inside stairways leading to upper rooms, or elevators of any kind or character. * * * Said room shall be constructed and arranged as to its front and the interior arrangement so that it may be viewed throughout its entire extent or space, at all hours when liquors * * * may be sold, * * * by any person looking through the front windows and glass doors of such room from the street or highway on which said room fronts; and any screens, blinds or other obstructions that obstruct such view shall be removed during the hours aforesaid," is valid. *Champer* v. *City of Greencastle*, 138 Ind. 339, distinguished. p. 651.

From Carroll Circuit Court; *James P. Wason*, Judge.

Prosecution by the City of Delphi against John Hamling. From a judgment for defendant, plaintiff appeals. *Reversed.*

*William C. Smith, John C. Odell* and *Edward E. Pruitt,* for appellant.

*Robert C. Pollard, Charles R. Pollard* and *John H. Gould,* for appellee.

MONKS, J.—This action was brought by the appellant to recover a penalty for the violation of sections one and five of an ordinance of said city.

The court below overruled a demurrer for want of facts to the third paragraph of the answer, and, appellant refusing

to plead further, judgment was rendered in favor of appellee.

The assignment of errors calls in question the action of the court in overruling said demurrer.

Section one of said ordinance reads as follows:

"Any room where any spirituous, vinous, malt or other intoxicating liquors are sold, bartered or given away for the purpose of gain by virtue of a license issued under this ordinance, shall be one single room, without rear or side doors, inside stairways leading to upper rooms, or elevators of any kind or character. Said room may be constructed with front, side or rear windows for the purpose of admitting light or for ventilation, but said windows shall not be used for the purpose of ingress or egress to or from said room. Said room shall be constructed and arranged as to its front and the interior arrangement so that it may be viewed throughout its entire extent or space at all hours when liquors, as aforesaid, may be sold, bartered or given away under the laws of the State of Indiana, by any person looking through the front windows and glass doors of such room from the street or highway on which said room fronts; and any screens, blinds or other obstructions that obstruct such view shall be removed during the hours aforesaid."

Section five fixes the penalty for the violation of said ordinance. The complaint charged a violation of section one of said ordinance in this, that appellee had the room, in which he was carrying on the business of selling intoxicating liquors in less quantities than a quart at a time, "so constructed and arranged as to its interior arrangement, by the use of screens, blinds and other obstructions, that said room could not be viewed throughout its entire extent or scope during the hours mentioned in said ordinance, by any person looking through the windows and glass doors of said room from the street on which said room fronted; that there was a side door in said room, which was an entrance from said room into a pool and billard room operated by Michael McCarty, and in which said pool and billiard room young men and minors congregate day and night; the win-

dows in said pool and billiard room being arranged with window curtains so as to obstruct the interior view of the same from the street on which said room is located; that appellee did then and there have a rear door to his said room, which said door was an entranceway into a narrow passageway between the rear wall of said room and the wall of a frame building, said passageway not being more than three feet in width, the same leading from said rear door to a public alley on the south, located about twenty feet from said back door, said way being the only passageway to said rear door.''

Said third paragraph of answer admits that appellee is engaged, under a license, in the business of selling liquor in less quantities than a quart at a time, as alleged in the complaint, and that the interior arrangement of said room, as to screens, blinds, obstructions, doors and windows, is as alleged in the complaint, and sets forth the effect appellee claims said ordinance, if enforced, will have upon his said business.

It is said in *Steffy* v. *Town of Monroe City* (1893), 135 Ind. 466, 41 Am. St. 436, as to such allegations: ''It would result in the greatest confusion of decisions to permit, in any case, the introduction of evidence as to the effect of an ordinance upon a business, trade or occupation. The jury would, in one case, hold that, under the facts proved, the ordinance was invalid, while, in another case, with more or less evidence of its hurtful consequences, the ordinance would be held valid.'' It is evident, therefore, that said third paragraph was a bad answer. Appellee, however, claims that the complaint was bad for the reason that section one of said ordinance ''is unreasonable and void.''

It is settled law in this State that a bad answer is good enough for a bad complaint, and that there can be no reversal of a judgment for error in overruling a demurrer to a bad answer if the complaint is bad. *Lux, etc., Stone Co.* v. *Donaldson* (1904), 162 Ind. 481, 491,

and cases cited; *State, ex rel.,* v. *Myers* (1885), 100 Ind. 487; *Alkire* v. *Alkire* (1893), 134 Ind. 350, 355, 356, and cases cited. It follows if section one of said ordinance is void, as claimed by the appellee, that this case must be affirmed, otherwise it must be reversed.

It is the law in this State that municipal corporations possess and can exercise such powers only as are granted by the legislature in express words, and those necessarily 3. or fairly inferred or incident to the powers expressly granted, and those essential to the declared purpose and object of the corporation. "Where the legislature, in terms, confers upon a municipal corporation the 4. power to pass ordinances of a specified and defined character, if the power thus delegated be not in conflict with the constitution, an ordinance passed pursuant thereto cannot be impeached as invalid because it would have been regarded as unreasonable if it had been passed under the incidental power of the corporation, or under a grant of power general in its nature. In other words, what the legislature distinctly says may be done cannot be set aside by the courts because they may deem it to be unreasonable or against sound policy. But where the power to legislate on a given subject is conferred and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power, or it will be pronounced invalid." 1 Dillon, Mun. Corp. (4th ed.), §328. See, also, *Pittsburgh, etc., R. Co.* v. *Town of Crown Point* (1896), 146 Ind. 421-423, 35 L. R. A. 684, and cases cited; *Champer* v. *City of Greencastle* (1894), 138 Ind. 339, 24 L. R. A. 768, 46 Am. St. 390; *City of Shelbyville* v. *Cleveland, etc., R. Co.* (1896), 146 Ind. 66, 70, and cases cited; *Skaggs* v. *City of Martinsville* (1895), 140 Ind. 476, 33 L. R. A. 781, 49 Am. St. 209, and cases cited; *Bogue* v. *Bennett* (1901), 156 Ind. 478, 480, 481, 83 Am. St. 212; *Walker* v. *Towle* (1901), 156 Ind. 639, 53 L. R. A. 749, and cases cited; *City*

*of Greencastle* v. *Thompson* (1907), 168 Ind. 493, 502-505, and cases cited; *Miller* v. *Town of Syracuse* (1907), 168 Ind. 230, 8 L. R. A. (N. S.) 471, 120 Am. St. 366, and cases cited.

Section 8655 Burns 1908, Acts 1905, p. 246, §53, provides that "the common council of every city shall have power to enact ordinances for the following purposes:    *    *    *    Fortieth:    To license, tax, regulate and restrain all shops, inns, taverns or other places where intoxicating liquors are kept for sale, to be used in and upon the premises, and, in regulating, restraining and licensing such inns, taverns, shops or places aforesaid, such common council shall have the power to designate the room, building or other structure where such liquors may be sold, and may exclude such sales from the suburban or residence part of such city, and confine the places where such sales may be made to the business parts of such city, and may define such suburban or residence and business parts of any such city; and may direct the arrangement and construction of the doors, windows and openings of the particular room in such building where the sales may be had, or such intoxicating liquors be drunk, and may direct the location, arrangement and construction of the bar kept therein, and the interior arrangement and construction of such room, and may direct what games may be carried on therein, and may forbid the keeping or use of wine rooms."

Subdivision fifty-three of §8655, *supra,* provides what penalty the common council may impose.    Section 8965 Burns 1908, Acts 1905, p. 409, §270, provides: "And wherever there is a grant of authority or power conferred by this act, and no method is provided by this act or any other general law, as herein referred to, for the exercise of such authority or power, the common council of any city or the board of trustees of any town may, by ordinance, provide such method."

In *Schmidt* v. *City of Indianapolis* (1907), 168 Ind. 631, 638, 120 Am. St. 385, 391, 14 L. R. A. (N. S.) 787, 792, the

court said, concerning the power of the legislature over the traffic in intoxicating liquors: "It is well settled that the legislative power to deal with this subject, whether it be to license, regulate, restrain or prohibit the sale of such liquors, is unlimited. All such restrictive measures, taken either by the State or by virtue of authority delegated to municipalities, are upheld as a proper exercise of the police power. 17 Am. and Eng. Ency. Law (2d ed.), 223, and cases cited in note 2." See, also, 23 Cyc., 64-69, 75, 77, 78; *State* v. *Calloway* (1906), 11 Idaho 719, 84 Pac. 27, 114 Am. St. 285 and note pages 289-304, 4 L. R. A. (N. S.) 109; *People* v. *Case* (1908), 153 Mich. 98, 116 N. W. 558, 18 L. R. A. (N. S.) 657 and note; *Pate* v. *Jonesboro* (1905), 75 Ark. 276, 87 S. W. 437, 112 Am. St. 55; *Beauvoir Club* v. *State* (1907), 148 Ala. 643, 42 South. 1040, 121 Am. St. 82 and note, page 89; *State* v. *Durein* (1904), 70 Kan. 1, 78 Pac. 152, 15 L. R. A. (N. S.) 908 and note; *Baxter* v. *State* (1907), 49 Ore. 353, 88 Pac. 677, 89 Pac. 369.

Subdivision forty of §8655, *supra,* authorizes the common council of cities, by ordinance to "direct the arrangement and construction of the doors, windows and openings of the particular room in such building where such sales may be had, or such intoxicating liquors be drunk," and to "direct the location, arrangement and construction of the bar kept therein, and the interior arrangement and construction of such room." This clearly specifies and defines the character of the ordinances cities are authorized to pass, and section one of said ordinance is within the powers conferred by said §8655, *supra.*

Appellee cites *Champer* v. *City of Greencastle, supra,* to sustain his contention that section one of said ordinance is invalid. That case holds that an ordinance of a city forbidding the "erection or maintenance of door screens, window blinds or stained, ground, colored or darkened glass to the doors, windows or openings of any saloon, shop or other

place where intoxicating liquors are sold to be used on the premises, or the erection or maintenance of any obstruction of any kind whatever, of such doors, windows or openings, that will obscure or prevent a full view of the interior of such saloon," etc., is unreasonable.

At that time the statute authorized cities to regulate and license all "shops or other places kept for the sale of articles [liquors] to be used in and upon the premises" (§3106 R. S. 1881, subdivision thirteen), and "to exact license money from all persons licensed to retail intoxicating liquors by county or state authority; and to regulate all places where intoxicating liquors are sold to be used on the premises" (§3154 R. S. 1881).

The grant of authority to municipal corporations in §§3106, 3154, *supra,* was general in its nature. This court correctly held, therefore, in *Champer* v. *City of Greencastle, supra,* that the ordinance forbidding screens and other obstructions, in controversy in that case, was open to the inquiry whether the same was a reasonable exercise of the power granted by said sections.

The General Assembly in 1895, the same being the next session of that body after the case of *Champer* v. *City of Greencastle, supra,* was decided, passed an act amending subdivision thirteen of §3106, *supra,* and said subdivision, as amended, reads as follows: "To license, regulate, and restrain all shops, inns, taverns, or other places where intoxicating liquors are kept for sale, to be used in and upon the premises, and in regulating, restraining and licensing such inns, taverns, shops or places aforesaid, they shall have the power to designate the room, building or structure where such liquors may be sold, and may exclude such sales from the suburban or residence portion of such city, and confine the places where such sales may be made, to the business portion of such city, and may direct the arrangement and construction of the doors, windows and openings of the particular room in such building where such sales may be had,

or such intoxicating liquors be drunk, and may direct the location, arrangement and construction of the bar kept therein, and the interior arrangement and construction of such room, and may direct what games may be carried on therein, and may forbid the keeping or use of wine-rooms.'' Acts 1895, p. 180, §3541 Burns 1901.

The member of the General Assembly who introduced the bill for said act was the attorney for the city of Greencastle in the case of *Champer* v. *City of Greencastle, supra.* Said bill was passed without any amendment. It is evident that it was intended by the amendment of said subdivision thirteen to give, in express terms, to cities the power which the case last cited held was not given in express terms by §§3106, 3154, *supra.* Said subdivision thirteen, as amended in 1895 (§3541, *supra*), was substantially reënacted in 1905 as a part of the fortieth subdivision of §8655, *supra.* The changes made in said subdivision thirteen, and the additions made thereto in said fortieth subdivision are fully set out in the *City of Greencastle* v. *Thompson, supra.*

It is evident therefore that said case of *Champer* v. *City of Greencastle, supra,* and cases of the class to which that case belongs, are not in point here. We, therefore, hold that sections one and five of said ordinance are valid.

It follows that the court erred in overruling appellant's demurrer to appellee's third paragraph of answer. Judgment reversed, with instructions to sustain appellant's demurrer to the third paragraph of answer, and for further proceedings not inconsistent with this opinion.