PAUL BUMBALL, PROSECUTOR, v. D. FREDERICK BUR-
NETT, STATE COMMISSIONER OF ALCOHOLIC BEV-
ERAGE CONTROL OF THE STATE OF NEW JERSEY,
AND THE MAYOR AND COUNCIL OF THE BOROUGH
OF BERNARDSVILLE, A MUNICIPAL CORPORATION OF
THE STATE OF NEW JERSEY, RESPONDENTS.

Argued May 9, 1935—Decided June 6, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Arthur A. Palmer*.

For the respondents, *Nathan L. Jacobs*.

The opinion of the court was delivered by

PARKER, J. The prosecutor applied to the borough authori-
ties of Bernardsville for a liquor license, and met with a
refusal. He appealed to the state commissioner of alcoholic
beverage control (see *Pamph. L.* 1934, *p.* 218) and that
official affirmed the borough refusal. Prosecutor then applied
to a justice of this court for a writ of *certiorari* to review
those refusals, and *allocatur* was denied. He renews his
application to this court *in banc*.

We concur in denial of an *allocatur*. As a matter of prac-
tice, the moving affidavit—and we have merely that of the
prosecutor himself—mentions an ordinance of the borough

bearing on the subject and claims that it is silent on certain allegedly material points, but attaches no copy of it, so that we are in the dark as to its language. A resolution of the council is quoted only in part. The decision of the commissioner on appeal is not laid before us, except to the extent of its denial of a license. The court in deciding whether to award its prerogative writ, is entitled to much more than an affidavit of conclusions, and of facts stated on information and belief, as here.

Apart from this, and assuming the facts claimed, to wit, that the ordinance itself placed no limit on the number of licenses to be issued, and the resolution of council to grant no more, was adopted after prosecutor's application and one other were already filed, we see no illegality whatever in the refusal of a particular license, at least so long as the refusal is not shown to be fraudulent, corrupt, or inspired by improper motives. Nothing of the kind appears in this case. Prosecutor argues apparently that a liquor license is to be obtained and is obtainable on the same theory as a license to carry on, say a grocery business, demandable by any respectable citizen on payment of the prescribed fee: but that is not the case. The sale of intoxicating liquor is in a class by itself. *Paul* v. *Gloucester*, 50 *N. J. L.* 585, 595. "No one has a right to demand a license: license is a special privilege granted to the few, denied to the many." *Ibid.* 596. "There is no inherent right in a citizen to sell intoxicating liquors by retail. It is not a privilege of a citizen of the State of the United States." *Meehan* v. *Board*, 29 *N. J. L. J.* 370; 64 *Atl. Rep.* 689. See, also, *Hagan* v. *Boonton*, 62 *N. J. L.* 150.

One phase of the present argument for the writ seems to be that as the ordinance (as claimed) says nothing about the number of licenses to be issued, the borough council has no power to call a halt until, with a slate clean of pending applications, it ordains a limit, or at least fixes a limit by resolution: but we see no merit in this. If the ordinance had fixed one hundred as a limit, still the council, in its discretionary power to license or not to license, could stop short of that number at any point, or could license A and refuse B. As a

matter of history, in this very county of Somerset a quarter of a century ago, when licenses were controlled by the Court of Common Pleas, and there was no legal limit on the number, that court announced that, in its opinion, there were enough licensed places in the county, and no more licenses would be granted until further order. No question of the legality of this action was ever formally raised.

We deem the application for a writ wholly without merit, and *allocatur* is denied.

It may do no harm to add, that in view of seventeen existing licenses in a population of three thousand three hundred and thirty-six, or more than one license to each two hundred inhabitants, the judgment of the mayor and council in refusing to grant more, seems to have been a sound one.