STATE OF FLORIDA on the relation of C. B. REESE, doing business as TEMPLE TERRACE PUBLIC SERVICE, v. JERRY W. CARTER, WILBUR C. KING, and RICHARD A. MACK, as and constituting the FLORIDA RAILROAD AND PUBLIC UTILITIES COMMISSION.

34 So. (2nd) 35                              January Term, 1948
February 20, 1948                                      En Banc

J. D. Hobbs, for relator.

Lewis W. Petteway, for respondents

ADAMS, J.:

This cause comes on for final hearing upon motion for a peremptory writ notwithstanding respondents' return.

Petitioner held a permit from the respondents to operate a taxicab business in the unincorporated community of Sulphur Springs, adjacent to the City of Tampa. In 1947 the Legislature enacted Chapter 24922, a special act to create a taxicab commission for the City of Tampa, with power to supervise and regulate the operation of taxicabs over the public highways of said city and the adjoining suburban territory to a distance of three miles from the city limits. Because of this act the respondents refused to renew petitioner's permit.

We consider the question of whether the statute may be upheld as a police measure. We must recognize as a first premise that the taxicab business was not lacking in supervision or regulation in the affected area inasmuch as the general law placed that duty upon respondents. Can we then say that this attempted manner of regulation bears any relation to the public safety, health, morals or welfare? We think not. These taxicabs did not enter the corporate limits of the city; therefore, the special act is inapplicable to the territory outside the corporate limits of the city when applied as here to an operation exclusively outside the corporate limit. This situation is different from the cases where the outside regulation was essential to preserve order and restrain a nuisance within the confines of the city. This is not a case where the legislation is addressed to a legitimate end. See State ex rel. Sweat v. Turpentine & Rosin Factors, Inc., 112 Fla. 428 So. 617; State ex rel. Municipal Bond & Investment Co., Inc., v. Knott et al., 114 Fla. 120, 154 So. 143; Board of Trustees of Falmouth v. Watson, 5 Bush (Ky.) 660; Town of Gower v. Agee, 128 Mo. App. 427, 107 S.W. 999; White v. City of Decatur, 225 Ala. 646, 144 So. 873, 86 A.L.R. 914; Malone v. Williams, 118 Tenn. 390, 103 S.W. 798, 121 Am. St. Rep. 1002; 55 A.L.R., page 1182, (text page 1183).

It follows that the return by the Railroad Commission setting up the existence of the statute and urging it as a defense for not renewing the permit, is not sufficient; and that consequently the peremptory writ should be granted.

So ordered.

THOMAS, C. J., TERRELL, BUFORD, CHAPMAN, SEBRING and BARNS, JJ., concur.