86 So.2d 438 (1956)
EELBECK MILLING COMPANY of Florida, a corporation, Appellant,
v.
Nathan T. MAYO, as Commissioner of Agriculture of the State of Florida, Appellee.
Supreme Court of Florida. En Banc.
March 28, 1956.
Edward McCarthy and McCarthy, Lane & Adams, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., and John D. Moriarty, Asst. Atty. Gen., for appellee.
O'CONNELL, Justice.
The appellant, Eelbeck Milling Company, sought a decree declaring its rights under Chapter 28269, Laws of Florida, Acts of 1953, determining the validity of the Act, and restraining the enforcement of its terms in connection with sale of appellant's products in Florida.
The statute in question amended subparagraph (5) of Section 500.11, Florida Statutes, F.S.A., by adding this language:
"Notwithstanding any other provision of this subsection, any corn product sold or distributed in Florida shall be deemed to be misbranded unless the *439 package or container in which it is sold or marketed bears a label containing one of the phrases, `Milled by' or `Manufactured by,' whichever shall be applicable, immediately followed by the name and place of business of the miller or manufacturer." Chapter 28269, Laws of Florida, 1953.
By its bill the appellant avers, in part, "that the disclosure on the label of the name and address of the miller has and could have no connection with administration or enforcement of the Florida Food, Drug and Cosmetic Act * * * and said [requirement] does not serve the public good or contribute to the preservation or promotion of the public health, public safety, morals or the general welfare." The bill also alleged that the enforcement of the new provision would result in heavy financial loss to plaintiff, the appellant, not only in the destruction of present packages and labels which do not conform with its requirements, but also in impairment of the value of plaintiff's good will and tradename as a packer and distributor of uniformly high quality corn products.
Defendant filed a motion to dismiss the bill on general grounds of insufficiency, that it failed to state a claim upon which relief could be granted, and that "it appears from the face of the said Bill of Complaint that the statute attacked * * is valid and a constitutional exercise of the police powers of the State of Florida." The final decree entered thereon contains findings that the bill "fails to disclose a justiciable question * * * and that Chapter 28269 * * * is a valid exercise of the police power of the State of Florida and does not deprive plaintiff of any of its constitutional rights." From this order that defendant's motion be granted and the cause dismissed (with leave to amend within fifteen days), plaintiff has taken its appeal.
The basic question presented by the parties concerns the propriety of the ruling of the lower court to the effect that the Legislature, in the exercise of its police power, could lawfully provide that vendors of corn products must place upon each label the name and place of business of the original miller handling the grain.
It is well settled, of course, that to avoid infringement of constitutional rights and liberties, sections 1 and 12, Declaration of Rights, Fla. Const., F.S.A., and Fourteenth Amendment, U.S.Const., "the exercise of police power [must be] confined to those acts which may reasonably be construed as expedient at least for the protection of public safety, public welfare, public morals, or public health." Sweat v. Turpentine & Rosin Factors, Inc., 112 Fla. 428, 150 So. 617, 618.
"The legislative authority in this legitimate field of the police power, like as in other fields, is fenced about by constitutional limitations, and it cannot properly be exercised beyond such reasonable interferences with the liberty of action of individuals as are really necessary to preserve and protect the public health. It has been said that the test, when such regulations are called in question, is whether they have some actual and reasonable relation to the maintenance and promotion of the public health and welfare, and whether such is in fact the end sought to be attained. Not only must every reasonable presumption be indulged in favor of the validity of legislative action in this important field, but also in favor of the validity of the regulations and actions of the health authorities." Varholy v. Sweat, 153 Fla. 571, 15 So.2d 267, 270; State ex rel. Reese v. Carter, 160 Fla. 180, 34 So.2d 35; Miami Laundry Co. v. Florida Dry Cleaning & Laundry Bd., 134 Fla. 1, 183 So. 759, 119 A.L.R. 956. 16 C.J.S., Constitutional Law, § 195, pp. 562-564.
The amendatory act in question contains no express legislative finding of the public necessity for imposition of the additional requirement in connection with packaged corn products, but appellee invokes the rule, so frequently enunciated as to be academic in consideration of class *440 legislation, that if any state of facts reasonably can be conceived that would sustain it, the existence of such a state of facts must be assumed and the party attacking the statute has the burden of showing that it does not rest upon any reasonable basis. Gandy v. Borras, 114 Fla. 503, 154 So. 248; Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, L.R.A. 1918E, 639; Ball v. Branch, 154 Fla. 57, 16 So.2d 524. No theory is advanced, however, as to what legitimate end Chapter 28269 might conceivably have been addressed, other than the contention that the court should take judicial notice of the fact that corn products deteriorate rapidly after milling, and the law sustained as designed to guarantee freshness of such products on the Florida market.
This argument entirely overlooks the character of the labeling provision, as one requiring the miller's name and place of business as opposed to time or date of milling, and the fact that in our present distributive economy the first item of information could not logically be said to serve as an indication to the public of the freshness or safety of any particular food package. Nor does it, as in the case of milk products, enable the public to rely upon local regulations controlling production in particular states or areas. Nobel v. Carlton, D.C., 36 F.2d 967. Nor does it otherwise, so far as we can see, bear any relation to the public health or welfare.
Appellee leans heavily upon the last cited case, and an earlier decision upon which it was in part predicated. Savage v. Jones, 225 U.S. 501, 32 S.Ct. 715, 56 L.Ed. 1182. Neither decision, nor subsequent cases following them in various analogous factual situations, would appear to have any controlling effect in the case at bar, for the reason above stated with reference to the Noble case, and because the court in Savage v. Jones was concerned almost exclusively with the basic validity of a statute requiring designation of contents of a product. Nowhere in that opinion is there an indication that any attention was given to the specific point here involved, the requirement that the original manufacturer's name and place of business be stated on the label, or whether such a requirement in the circumstances of that case could have had a reasonable relation to public health or welfare.
A consideration of the foregoing points indicates that the court below erred in concluding that the bill, upon its face, showed the statute attacked to be valid, and in granting the motion to dismiss upon that ground. The facts alleged in the bill appear sufficient to make a justiciable issue, so that at this stage of the cause a decree undertaking to make final disposition of the constitutional questions was premature. Rosenhouse v. 1950 Spring Term Grand Jury, Fla., 56 So.2d 445.
The order appealed from is reversed and this cause remanded for further proceedings in conformance with this opinion.
TERRELL, THOMAS, HOBSON and THORNAL, JJ., concur.
DREW, C.J., agrees to conclusion.
ROBERTS, J., not participating.