TERRELL, Justice.
This case was originally filed by Entertainment Clubs of Florida, Inc., a nonprofit corporation, in the circuit court February 7, 1962, as a proceeding for declaratory decree pursuant to Chapter 87, Florida Statutes 1961, F.S.A. Appellants were later substituted by amendment to the complaint as parties plaintiff. The complaint prays that § 562.131, Florida Statutes 1961, F.S.A., be decreed to be void, unconstitutional and without force of law as to appellants’ business and that appellants be not required to comply with the provisions of said act.
February 7, 1962, appellants moved for temporary injunction on the basis of allegations in the complaint and the prayer for relief. Notice was given, testimony was taken on the issues presented and arguments were heard on the constitutionality of the statute. February 14, 1962, the court denied the temporary restraining order and decreed § 562.131, Florida Statutes 1961, F.S.A., to be constitutional and a valid exercise of the police power of the state.
We are confronted with an appeal from the order so entered.
The point for determination is whether or not § 562.131, Florida Statutes 1961, F.S.A., is constitutional and a valid exercise of the police power.
Relying on Peavy-Wilson Lumber Co. v. Brevard County, 159 Fla. 311, 31 So.2d 483 (1947), 172 A.L.R. 168; State ex rel. Municipal Bond & Investment Co. v. Knott, 114 Fla. 120, 154 So. 143 (1934); Maxwell v. Miami, 87 Fla. 107, 100 So. 147 (1924), 33 A.L.R. 682; Perry Trading Co. v. Tallahassee, 128 Fla. 424, 174 So. 854 (1937), 111 A.L.R. 463; Liquor Store, Inc. v. Continental Distilling Corp., Fla.1949,, 40 So.2d 371, and Eelbeck Milling Company v. Mayo, Fla.1956, 86 So.2d 438, appellants contend that this question requires a negative answer.
In support of their contention appellants-say that § 562.131, Florida Statutes 1961,. F.S.A., places an undue burden on interstate commerce, disrupts uniformity within the business, constitutes a deprivation of property without due process of law and impairs the obligation of contract. Appellants contend that the cases cited in the. previous paragraph support this premise.
While admitting that the police power has-its impetus in the public health, morals, safety and welfare, such regulations must at all times be reasonable and not arbitrary, capricious or oppressive. When they do-this, contend appellants, they run afoul of the inhibitions of the constitution and are invalid. It is contended that as applied to appellants, § 562.131, Florida Statutes-1961, does this and violates the state and federal constitutions.
Appellee counters the argument of appellants by directing our attention to the fact that § 562.131, Florida Statutes 1961, has to do with the regulation of the liquor traffic. In that field, contends appellee, the power of the legislature to protect the health, morals, safety and general welfare of the community is without limit so long *832 as reasonable. Meehan v. Board, 73 N.J. Law 382, 64 A. 689; Eskridge v. Division, 30 N.J.Super. 472, 105 A.2d 6; State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947); Miami v. Kayfetz, Fla. 1957, 92 So.2d 798; City of Miami v. Jiminez, Fla.App.1961, 130 So.2d 109; and Cooper v. State Board of Equalization, 137 Cal.App.2d 672, 290 P.2d 914, are relied on to support this contention.
The circumstances, the time and places where liquors may be sold are discussed in State v. Vocelle and Eskridge v. Division, supra. In Miami v. Kayfetz and Miami v. Jiminez, supra, the court reviewed city ordinances of the same import as the statute under review and refused to disturb them on the theory that they were not shown to be devoid of reasonable basis and that the burden was on the plaintiff to show the unreasonablenes of the ordinance. In the Jiminez case, supra, the district court of appeal relied on the Kayfetz opinion for decision.
Cooper v. State and Eskridge v. Division, supra, treated statutes from other states very similar to the statute under review and they were upheld. In fact, we have examined a number of cases from other states in which statutes very similar to that under review (some of them more rigid than ours), and have not found where a single one of them has been stricken down.
In Eelbeck Milling Company v. Mayo, supra, we held that when acts like the one involved here were challenged as being in violation of Sections 1 and 12, Declaration of Rights, Constitution of Florida, F.S.A., and the Fourteenth Amendment, Constitution of the United States, the test to determine the challenge “is whether they have some actual and reasonable relation to the maintenance and promotion of the public health and welfare, and whether such is in fact the end sought to be attained.”
We think the act under review meets this test, that it was clearly in the power ■of the legislature to enact in the exercise of its police power, that it is not discriminatory, that the chancellor correctly refused the application for injunction and that his final decree should be, and is hereby, affirmed.
Affirmed.
ROBERTS, C. J., and THOMAS, DREW, THORNAL, O’CONNELL and CALDWELL, JJ., concur.