BOB ROSEN WATER CONDITIONING COMPANY, Henry Hewlett, d/b/a Culligan Water Conditioning, and Dennis Wangen, d/b/a Wangen Distributing, Plaintiffs and Respondents,

v.

CITY OF BISMARCK, North Dakota, Defendant and Appellant.

Civ. No. 8644.

Supreme Court of North Dakota.

Dec. 8, 1970.

Conmy, Conmy, Rosenberg & Lucas, Bismarck, for plaintiffs and respondents.

Zuger, Bucklin, Kelsch & Zuger, Bismarck, for defendant and appellant.

STRUTZ, Judge.

Each of the plaintiffs is engaged in the business of selling, servicing, and installing water softeners in the city of Bismarck. The City asserts that the installation and servicing of water softeners by persons not holding a plumbing license is in violation of the State plumbing law, the State Plumbing Code, and the ordinances of the City of Bismarck which adopt the State Plumbing Code. The plaintiffs admit that

they are not licensed plumbers, and that the work of installing and servicing water softeners sold by them is done by persons who are not licensed as plumbers.

The plaintiffs brought a declaratory-judgment action to determine whether, under the State plumbing law, the State Plumbing Code, and the ordinances of the City of Bismarck, they are entitled to install and service water softeners without obtaining or holding plumbing licenses. The trial court held that installation of water softeners does not constitute plumbing and therefore is not a violation of State law or of the ordinances of the City of Bismarck. From judgment entered in favor of the plaintiffs, the City has appealed to this court, demanding a trial de novo.

Subsection 4 of Section 43–18–01, North Dakota Century Code, specifically defines "plumbing." It reads:

"4. 'Plumbing' shall mean the act of installing in buildings the pipes, fixtures, and other facilitating apparatus for bringing water into, and using the same in buildings, and for removing liquids and water-carried wastes therefrom; * * *."

This same definition of "plumbing" was incorporated into and made a part of the State Plumbing Code. Sec. 43–1801(4), State Plumbing Code.

Prior to the adoption of the Compiled Laws of 1913, the Legislative Assembly had given to cities the power to license, tax, and regulate plumbers and the business of plumbing, and to provide the manner in which plumbing should be done. Secs. 3818(27) and 3599(34), C.L. 1913. The constitutionality of Section 3818 of the Compiled Laws of 1913 was upheld by this court in the case of State ex rel. City of Bismarck v. District Court, 64 N.D. 399, 253 N.W. 744 (1934). The basis of the decision was that the State, through its agency, the City, had the right to regulate the business of plumbing under the police power of the State, exercised in the interest of public health.

The law regulating the business of plumbing, with some changes, mainly for clarification, still is a part of our Century Code. Sec. 40–05–01(25), N.D.C.C. One of the changes and additions to the law as found in the 1913 Compiled Laws was a provision whereby cities were given the authority to adopt the State Plumbing Code as an ordinance. This was done by the City of Bismarck. Chapter XIII, Article 1, Section 13.0101, Revised Ordinances of 1966, City of Bismarck, North Dakota, reads:

"13.0101 Adoption of Plumbing Code

"To promote and protect the public health there is hereby adopted the State Plumbing Code, 1963 edition, which has been adopted by the State Plumbing Board and approved by the State Health Department, consisting of rules and regulations governing plumbing work, and the whole thereof, * * *."

Thus, under both the State law and the City ordinances, no person shall engage in the business of plumbing in Bismarck without first securing a license so to do.

It is generally held that the regulation of an occupation, in the interests of public health, public safety, and public welfare, is valid as a proper exercise of the police power of the State. But the restraint or regulation of such business must be reasonable and must bear a definite relation to the public health, safety, and welfare in order to sustain it as a police measure. In other words, the police power is not absolute, and individual liberty may be restrained or abridged only to benefit the public welfare.

This court has held that the State may delegate the power to regulate businesses that are related to the public health to local boards and governmental agencies. Bush v. North Dakota Health Council, Department of Health, 128 N.W.2d 866 (N.D. 1964).

Proper sanitation is a matter of public concern and is related to public health and welfare. Thus the regulation of the business of plumbing, which involves bringing water into buildings and the disposal of waste, may be regulated in the interest of public health and welfare. But the police power of the State extends only to such measures where the public health, safety, or welfare may be affected. In other words, elements which are detrimental to the public health, safety, or welfare may be regulated, but a business which in itself is harmless may not be suppressed under the guise of exercising the police power. Figura v. Cummins, 4 Ill.2d 44, 122 N.E.2d 162 (1954).

Thus the police power of the State is not an arbitrary power, and it has its limitations. This court has held that an attempt of the State to regulate and license professional photography, making the practice of photography without a license a misdemeanor, was not a proper exercise of the police power since it did not affect the public health, safety, or welfare, and such statute was declared unconstitutional. State v. Cromwell, 72 N.D. 565, 9 N.W.2d 914 (1943).

The issue now facing us is whether the installation and servicing of water softeners constitutes "plumbing," under our statute and the ordinances of the City of Bismarck. Whether the statute, as applied to the plaintiffs in this case, encroaches upon the rights guaranteed to them by the Constitution is a matter to be determined by the courts. State v. Cromwell, *supra*.

Although this court has upheld the licensing of plumbers and the regulation of the business of plumbing under the police power of this State, as pointed out above, it does not follow that everything that is done in the line of plumbing would necessarily have to be done by a licensed plumber. Obviously, replacing a leaky faucet in a house would be an act which would come within the definition of "plumbing," but if our plumbing law were to be interpreted so narrowly as to permit this to be done only by a licensed plumber, such interpretation would be arbitrary and unreasonable, and the act of replacing the faucet would not be held to have any relation to the public health, safety, or welfare. An attempt to extend the authority of the police power of the State to the replacement of a faucet would make the plumbing law, when so applied, unreasonable and arbitrary. To avoid infringement of constitutional rights, the exercise of the police power must be limited to those acts which may be reasonably construed as expedient and necessary for the protection of public health, public safety, public morals, or public welfare. Eelbeck Milling Company v. Mayo, 86 So.2d 438 (Fla.1956).

Does the installation and servicing of water softeners constitute "plumbing" under our statute and the ordinances of the City of Bismarck? To answer this question, we must determine whether such installation has any reasonable relation to the public health, safety, or welfare. We believe that a study of the Equipment Installation Manual for the installation of water softeners, which is an exhibit in this case, will provide the answer to this question. The manual contains the following warning:

"One of the most important aspects of the proper installation is provision for safe drainage, by avoiding what is called a 'cross-connection.'"

So we see that the persons who furnish instructions to those who install water softeners point out that there is a safe way and an unsafe way to provide for drainage. The manual then goes on to state:

"Obviously, the public health and the private welfare of the customer must be uppermost in the mind of the installer at all times."

Here, we note that the plaintiffs' own manual points out that the public health can be affected by the improper installation of water softeners. Since the public health can be affected by such installation, the

**726**

business of installing water softeners can be regulated under the police power of the State.

 No doubt it is true that persons who are specially trained to install water softeners are as capable of protecting the public health and welfare in the installation of such equipment as are those who are trained plumbers. However, the term "plumbing," as defined by the Legislature, includes the installation of water softeners since the definition includes not only the installation of pipes, fixtures, and other facilitating apparatus for bringing water into buildings and for removing liquids and water-carried wastes, but also the installation of pipes and fixtures for the use of water in buildings. This clearly would include the installation of water softeners. We therefore hold that the word "plumbing," as defined by our law, requires the installation of water softeners and the pipes necessary for their operation to be done by licensed plumbers.

For reasons stated herein, we hold that the installation of water softeners constitutes "plumbing," as defined by State law. The judgment of the district court therefore is reversed.

TEIGEN, C. J., and ERICKSTAD, PAULSON, and KNUDSON, JJ., concur.